705 P.2d 1376

**The STATE of Arizona, Appellee,**

**v.**

**Joe U. SMITH, Appellant.**

**No. 1 CA–CR 8452.**

Court of Appeals of Arizona,
Division 1.

June 20, 1985.

Reconsideration Denied Aug. 29, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Georgia B. Ellexson, Phoenix, for appellee.

Law Offices of H. Louis Hiser by Wayne A. Dirst, Kingman, for appellant.

## OPINION

LIVERMORE, Judge.

Defendant was convicted of sexual assault, burglary, and aggravated assault. These convictions were reversed because a defense witness had been inappropriately precluded as a discovery sanction. *State v. Smith*, 140 Ariz. 355, 681 P.2d 1374 (1983). On remand, he was again convicted and sentenced to prison for thirty-six years.

Defendant first contends that the speedy trial limits of Rule 8, Rules of Criminal Procedure, 17 A.R.S., were violated. Rule 8.2(d) requires that retrial occur within sixty days of the filing of an appellate mandate. The mandate in this case was filed May 10, 1984. Despite efforts by the county attorney and court orders, the defendant was not returned from prison to Mohave County until June 22, 1984, and counsel was not appointed for him until four days later. Trial was set for July 3, 1984. In the course of protracted discovery squabbles the court determined that defense counsel could not be adequately prepared by July 3. Apparently, the court on its own motion, in order to insure adequacy of representation, continued the trial for four weeks. Thereafter continuances were granted because of a defense special action and a prosecution initiated Rule 11 inquiry into competency. It is only if each of these continuances is properly excluded from the Rule 8 time limits that the ultimate trial was timely.

Essentially defendant's claim, as presented to the trial court, is that the delay in returning him to Mohave County and in appointing counsel to represent him resulted in a situation in which if he asserted his right to an immediate trial he would have to forego his right to the adequate assistance of counsel and that if he insisted on proper representation he would have to give up his right to prompt trial. Because this choice resulted from the state's negligence in returning him for trial, he argues, it was an impermissible one and *State v. Tucker*, 133 Ariz. 304, 651 P.2d 359 (1982), mandates that the case be dismissed. In rejecting this claim, we note first that the Rule 8 time limits are not constitutional commands. Indeed, no claim is made that constitutional speedy trial rights were violated. While our rule-based time limits are important in insuring prompt trials, they should not be slavishly adhered to when to do so would damage other equally significant values. Prime among these is that any trial at its inception must appear proper to resolve finally the issues dividing the parties. When defense counsel states that

he is not adequately or fully prepared on the eve of trial, where the lack of preparation is not due to an absence of diligence on his part, a trial judge does not err in continuing the matter. Nor is this result changed because defendant insists on going to trial. The judge's obligation is to see that justice is done. It is not to require a trial, a conviction in which may be immediately overturned for ineffective assistance of counsel.

■ This result has additional policy reasons supporting it and can be achieved within the language of Rule 8. When the state is prepared to go to trial within the time limits, we believe it would be inappropriate to require judicial inquiry into whether the defense's inability to proceed is due to some "fault" on the part of the state. That would create yet another subissue for litigation unrelated to the substantial issues in the case. And it would be an issue extraordinarily difficult for the court to resolve. In our capacity as a reviewing court, we take notice that counsel are quick to claim bad faith delay on the part of their opponents. To insist on a judicial resolution of every such claim would be to create a nightmare of new litigation and an additional strain on already overtaxed judicial resources. In these circumstances, we hold that the continuance ordered by the judge to allow adequate defense preparation is excluded time either as a delay occasioned on behalf of the defendant under Rule 8.4(a) or as a delay resulting from a continuance under Rule 8.4(d) granted on the court's own motion as "indispensable in the interests of justice" under Rule 8.5. This result is not affected by *State v. Tucker*, supra, because in that case the state was not prepared to go to trial.

■ The additional delays in this case were also excluded time. The time seeking special action relief, on speedy trial grounds, was delay occasioned on behalf of the defendant. The time for Rule 11 proceedings, even though state initiated, was properly excluded under Rule 8.4(a). *State v. Starcevich*, 139 Ariz. 378, 678 P.2d 959 (App.1983).

■ The defendant's second contention is that the trial judge applied the wrong burden of proof in finding a photographic lineup not impermissibly suggestive. The prosecutor argued that the burden was on the defendant to prove suggestiveness. In fact, the burden is on the prosecution to disprove it by clear and convincing evidence. *State v. Dessureault*, 104 Ariz. 380, 453 P.2d 951 (1969), cert. denied, 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970). The trial judge did not mention the burden in his ruling but the defendant argues that he must have applied the rule stated by the prosecutor. We know of no presumption that the trial judge applies misstatements of the law by counsel and we decline to create one. Had defense counsel wished further elaboration from the court, the burden was on him to request it. *State v. Lee*, 110 Ariz. 357, 519 P.2d 56 (1974).

■ During the trial a defense investigator reported to the court that he might have discussed the case in front of one of the jurors. The juror was questioned and disclaimed any memory of such a conversation. The prosecutor requested that this juror be designated as the alternate and, at the conclusion of the trial, the court did so. Defendant argues that this ruling violated Rule 18.5(h), Rules of Criminal Procedure, 17 A.R.S., requiring that the alternate juror be chosen by lot. Because a defendant is not entitled to any particular jury, we may not reverse unless the court's action deprived the defendant of a fair and impartial jury. *State v. Arnett*, 119 Ariz. 38, 579 P.2d 542 (1978). There is no suggestion of such a deprivation on this record.

Defendant next argues that the prosecution was permitted to prove an allegedly inconsistent statement of a defense alibi witness on a collateral matter. We have examined the inquiry; the explanation of the witness was perfectly understandable and no inconsistency survived that explanation. Error, if any, in the form of the inquiry, which involved proof of the inconsistency by playing a tape recording to the witness, was harmless.

Defendant finally contends that the prosecutor argued facts not in evidence in her closing argument by saying that the victim had identified the defendant in a pretrial lineup. The victim at trial identified the defendant as her assailant and testified that she had picked her attacker out of a pretrial lineup. That is sufficient to permit the argument. It was not necessary to introduce the lineup nor to have independent testimony that it was defendant's picture she identified. That it was his picture is a fair inference from the evidence. *State v. Zaragoza*, 135 Ariz. 63, 659 P.2d 22, cert. denied, 462 U.S. 1124, 103 S.Ct. 3097, 77 L.Ed.2d 1356 (1983).

The judgments and sentences are affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).