714 P.2d 465

**The STATE of Arizona, Appellee,**

v.

**Robert Lee LONG, Appellant.**

**No. 2 CA–CR 4252.**

Court of Appeals of Arizona,
Division 2, Department B.

Jan. 17, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Galen H. Wilkes, Phoenix, for appellee.

Hunt, Stanley, Hossler & Rourke, Ltd. by Wayne A. Dirst, Parker, for appellant.

## OPINION

LIVERMORE, Presiding Judge.

Defendant appeals from his conviction for arson of an occupied structure and resulting revocation of probation in another case. His first contention is that he was denied a speedy trial under Rule 8 and a prompt revocation hearing under Rule 27.7, Rules of Criminal Procedure, 17 A.R.S. There is no question that a number of delays between arraignment and trial were occasioned on behalf of the defendant within the meaning of Rule 8.4(a). Debate centers on the two month period after new counsel was appointed for defendant at his request. That time can be properly excluded as time necessary for counsel to prepare. *State v. Smith,* 146 Ariz. 325, 705 P.2d 1376 (App.1985). With respect to the delayed revocation hearing, that delay was requested by defense counsel and no prejudice resulted. See *State v. Baylis,* 27 Ariz. App. 222, 553 P.2d 675 (1976).

Defendant's second contention is that a *Miranda* violative statement was admitted. The statement was made in unusual circumstances. Police responded to a residential fire at defendant's home which was soon suspected to be arson. Defendant had been seen to leave the house and to head into a nearby mountainous area. Police followed with the intent to ask about the fire. When they approached, defendant threatened suicide by jumping off a cliff. During the course of an hour long discussion directed at calming the defendant, defendant responded to the question "What happened down there?" by saying, "if I want to burn my fucking house, I will." This was the only question during the hour relating to the fire.

It is clear that it is permissible for a police officer to ask a homeowner what the cause of a fire in his house was without first giving *Miranda* warnings. Such inquiries, even if suspicion exists, are not custodial. Defendant urges us to find that custody was present here because six officers had gathered in an effort to prevent him from committing suicide. We decline to do so. Defendant was free to leave and while inquiries about the fire would have been made, an arrest was not intended until after the inculpatory statement was made. See generally *United States v. Mesa,* 638 F.2d 582 (3d Cir.1980); *United States v. Webb,* 755 F.2d 382 (5th Cir.1985); *State v. Sands,* 145 Ariz. 269, 700 P.2d 1369 (App.1985).

Defendant personally addressed the court and asked that he be allowed to represent himself because his attorney would not call his wife as a witness due to his belief that she would commit perjury. (The attorney had made a record of this before another judge.) After protracted discussion, in which the trial judge advised the defendant of the dangers of self-representation, it was agreed that defendant could represent himself and could direct his attorney to carry out any representation defendant wished him to do. In fact, except for defendant calling and questioning

his wife, (she testified she started the fire), all representation was carried out by the attorney. Appellate defense counsel now contends that defendant was incompetent to waive counsel and that he was denied effective assistance of counsel. There is nothing in the record to suggest incompetence to waive assistance of counsel. With respect to ineffective assistance, the claim rests on not stopping defendant from doing what he wanted to do, call a perjurious witness. Defendant raised the matter against his counsel's advice and now must live with the consequences of his own request. That applies, as well, to the trial judge becoming familiar with the problem. That occurred because of defendant's actions and not those of his counsel. See generally *State v. Lee*, 142 Ariz. 210, 689 P.2d 153 (1984).

■ As a result of his belief that both defendant and his wife perjured themselves at trial, defense counsel did not argue their testimony in his closing. This course was recommended by former ABA Criminal Justice Standard, The Defense Function, 7.7, and approved in *State v. Lowery*, 111 Ariz. 26, 523 P.2d 54 (1974). The prosecutor in his rebuttal stated:

"This has been an interesting case. It's almost just as interesting to hear the arguments that have been presented. This surely has to be the first case here in which as part of the defense's case the defendant took the stand and said 'I didn't commit this crime.' The defendant's wife took the stand and said the defendant didn't commit this crime, I committed the crime, and yet there isn't one bit of argument by the defense counsel and the defendant himself to you explains what is significant in this case. Why you should find the defendant not guilty. Neither one of them even makes reference to this fact. That's almost as if Peggy Long's testimony on the stand is so credible they both choke on it, just asking you to believe that testimony and to find the defendant not guilty because of that testimony."

The prosecutor again returned to this theme as he concluded his rebuttal:

"Again, I just want to reemphasize to you the fact which I find incredible and I think you should find incredible and that is that in a case in which the defendant testified under oath that he didn't do this and in fact in the case the defendant's wife testified under oath that she did commit the crime, neither defendant counsel nor the defendant have even referred to that matter in their final statement to you. I would submit to you that that's because neither of them believed the testimony of Peggy Long either."

We find this effort to make affirmative evidence of guilt out of defense counsel's ethical behavior to be prejudicial error. In *Lowery v. Cardwell*, 575 F.2d 727 (9th Cir. 1978), the court found a denial of due process when the fact finder (there the judge) became aware of counsel's belief that his client had perjured herself. There is no distinction when the prosecutor invites the jury to infer that which it cannot be told.

Because this case must be tried again, we note that defendant was impermissibly impeached with a misdemeanor conviction. See *State v. Malloy*, 131 Ariz. 125, 639 P.2d 315 (1981).

The conviction and revocation are reversed and the matters remanded for further proceedings.

HOWARD and LACAGNINA, JJ., concur.