746 P.2d 1324

**John Bryant SHEPHERD, Petitioner,**

v.

**The Honorable Philip FAHRINGER, Judge of the Superior Court, In and For the County of Pima, State of Arizona, Respondent,**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA–SA 87–0095.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 20, 1987.

Review Granted Jan. 19, 1988.

Harold L. Higgins, Pima County Public Defender by Blaine S. Gaub, Tucson, for petitioner.

Stephen D. Neely, Pima Co. Atty. by John Gustafson, Tucson, for real party in interest.

OPINION

ROLL, Judge.

In this special action, we address two related issues arising in driving while intox-

icated (DUI) prosecutions. Specifically, petitioner argues that the state violated *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986) in two ways: (1) by dismissing pending DUI charges against him, then 130 days later refiling felony charges arising from his arrest for DUI; and (2) due to the refiling delay, the state but not the defense was prepared to go to trial within 150 days. For the reasons set forth below, we deny petitioner relief.

### FACTS

On March 27, 1987, petitioner was arrested and charged with violating A.R.S. § 28–692.02, driving while intoxicated on a suspended or revoked license. According to documents submitted to us by petitioner, petitioner was observed proceeding southbound in the northbound lane of a Pima County street. He then returned to the southbound lane before coming to a stop on the shoulder of the roadway. After petitioner was apprehended, he refused to take the intoxilyzer test. The following day, at his initial appearance, petitioner was found to be indigent and counsel was appointed to represent him. The preliminary hearing date was set, and petitioner was released.

On April 15, 1987, the state moved to dismiss the charge on the ground that "MVD records [were] unavailable at this time."[1] The motion was granted. On August 4, 1987, petitioner was indicted for driving while intoxicated on a suspended, cancelled, revoked or refused license, and for driving while intoxicated without a valid license after having been convicted previously of DUI. These charges arose out of his March 27 arrest. At his arraignment on August 12, counsel was again appointed to represent petitioner, the state made disclosure pursuant to Rule 15, Ariz.R. Crim.P., 17 A.R.S., and the pretrial conference was set for August 18. Petitioner states that at the pretrial conference, counsel was informed by the court that, to comply with the 150–day arrest-to-trial requirements of *Hinson v. Coulter, supra,* the trial would be held on August 24.

Petitioner then filed a motion to dismiss contending that by dismissing the charges and reinstating them 20 days before the expiration of the 150–day period, the state had violated his right to a speedy trial under the supreme court's decision in *Hinson.*[2] Counsel argued that he was unable to review the grand jury proceedings, interview witnesses, gather evidence, file appropriate pretrial motions, and adequately prepare for trial in the 12–day period between petitioner's arraignment and the date set for trial. The trial court denied the motion after a hearing on August 24, but granted a stay of proceedings at petitioner's request pending the outcome of this special action.

### *Application of Hinson Rule*

In *Hinson v. Coulter, supra,* the supreme court adopted a blanket rule that

[a]fter the police have arrested and removed a drunken driver from the highway as the statute and caselaw contemplates must be done, the prosecutor must proceed to charge or indict as well as try the defendant within the 150 day limit mandated by Rule 8.2(a) of the Rules of Criminal Procedure if not in custody and 120 days from arrest if in custody pursuant to Rule 8.2(b), Ariz.R.Crim.P., 17 A.R.S. Failure to proceed promptly will result in a dismissal with prejudice, unless the exceptions contained in Rule 8 apply. In any event, the defendant must be tried within 150 days of arrest as provided in Rule 8.2(a), Ariz.R.Crim.P., 17 A.R.S.

150 Ariz. at 311, 723 P.2d at 660. The record reflects the tremendous volume of

---

**1.** Motor Vehicle Department records contain information regarding a driver's past driving record and license history. This information is critical to a determination whether felony charges are appropriate.

**2.** In his motion to dismiss and before this court, petitioner also argued that the state's conduct amounted to preindictment delay violative of his due process rights and also violated his Sixth Amendment right to counsel. Because of our disposition of this special action and because these issues are more appropriately reviewed on appeal, we do not address them.

felony DUI cases prosecuted in Pima County.[3] That, together with the recurring nature of the issue here, presents a matter of statewide importance requiring prompt resolution under *Hinson.* We therefore accept jurisdiction. *See Hinson v. Coulter, supra; Oshrin v. Coulter,* 142 Ariz. 109, 688 P.2d 1001 (1984).

### A. Procedure of Dismissing and Refiling.

■ Petitioner first argues that *Hinson* prohibits the state from the practice of dismissing DUI charges, then refiling related felony DUI charges months later. We do not read the opinion so narrowly.

In discussing the unique nature of felony DUI offenses, the supreme court noted in *Hinson* the informal manner in which such cases are handled. "The defendant is usually arrested, taken to jail and then released. The indictment follows much later." 150 Ariz. at 309, 723 P.2d at 658. While the court expressed concern over the fact that such a procedure "frequently leads defendants to believe that they do not have to take any action to preserve evidence, make notes, or contact witnesses who might be available for their defense," *id.,* the court did not take issue with the procedure itself. The court's overriding concern, rather, was with delay in prosecution. Moreover, in requiring that Rule 8.2(a) be "strictly followed," the court held that "the accused must be tried within 150 days of arrest *regardless of whether the offense has been 'scratched' or 'dismissed' after arrest and release.*" 150 Ariz. at 311, 723 P.2d at 660 (emphasis added). We find nothing in *Hinson* that would preclude the state from dismissing and refiling a DUI charge under any circumstances, so long as the state complies with the 150–day arrest-to-trial rule, and we see no reason to add such a requirement.

### B. Whether Trial Must Commence Within 150 Days of Arrest.

■ Petitioner argues that the spirit of the *Hinson* rule is violated if the state is permitted to delay prosecution of the case within the 150–day period, with the result that the defendant cannot possibly be prepared for trial within the time limits. We disagree. As we read *Hinson,* the rule adopted by the supreme court is not that the trial must actually commence within 150 days of the defendant's arrest, but rather that the state must be prepared to try the case within that period. The entire thrust of the court's discussion of the issue is directed at the prosecutor's ability and obligation to bring these cases to trial in an expeditious manner. In requiring strict compliance with Rule 8 in these cases, the court is in effect establishing a presumption of prejudice to the defendant if the prosecutor is not prepared to try the case within 150 days of arrest.

In *Hinson,* the supreme court articulated reasons for adopting the 150–day rule. One reason is to provide for resolution of defendants' cases without undue delay, a right to which defendants are clearly entitled. A second purpose of the rule is to make certain that intoxicated drivers are expeditiously removed from the roadways. In discussing this purpose, the supreme court quoted from *State ex rel. Berger v. Superior Court,* 111 Ariz. 335, 340, 529 P.2d 686, 691 (1974): "[I]f there is a deterrent value in conviction and punishment as we believe there is, the swifter the punishment the greater the deterrent; and conversely, the longer criminal trials are prolonged the less deterrent value there is in trial and punishment." 150 Ariz. at 310, 723 P.2d at 659.

Appellant's argument that the spirit of *Hinson* is being violated because he is required to choose between trial within 150 days, albeit with unsatisfactory pretrial preparation time, or a defense-requested continuance, is similar to the argument rejected in *State v. Smith,* 146 Ariz. 325, 705 P.2d 1376 (App.1985). In *Smith,* appellant contended that the prosecutor's delay in

---

**3.** Petitioner has submitted to us a transcript of a hearing held in Pima County Superior Court on August 17, 1987, in which a deputy Pima County Attorney represented to the court that approximately 80 potential felony DUI cases are submitted to the Pima County Attorney's Office for consideration each month, of which approximately 40 result in indictment.

returning him for trial on remand after appeal placed him in a position where he was unlawfully forced to choose between his right to a speedy trial and his right to the effective assistance of counsel. In rejecting this claim, we stated:

This result has additional policy reasons supporting it and can be achieved within the language of Rule 8. When the state is prepared to go to trial within the time limits, we believe it would be inappropriate to require judicial inquiry into whether the defense's inability to proceed is due to some "fault" on the part of the state. That would create yet another sub-issue for litigation unrelated to the substantial issues in the case. And it would be an issue extraordinarily difficult for the court to resolve. In our capacity as a reviewing court, we take notice that counsel are quick to claim bad faith delay on the part of their opponents. To insist on a judicial resolution of every such claim would be to create a nightmare of new litigation and an additional strain on already overtaxed judicial resources. In these circumstances, we hold that the continuance ordered by the judge to allow adequate defense preparation is excluded time either as a delay occasioned on behalf of the defendant under Rule 8.4(a) or as a delay resulting from a continuance under Rule 8.4(d) granted on the court's own motion as "indispensable in the interests of justice" under Rule 8.5.

146 Ariz. at 327, 705 P.2d at 1378. We believe the same reasoning applies in the instant case. The supreme court has mandated that the state be prepared to try DUI cases within 150 days of arrest. In the case before us, the state complied with this rule. The trial court was correct in refusing to grant petitioner's motion to dismiss.

Relief denied.

LIVERMORE, P.J., and FERNANDEZ, J., concur.