762 P.2d 553

**John Bryant SHEPHERD, Petitioner,**

v.

**The Honorable Philip FAHRINGER, Judge of the Superior Court, in and For the County of Pima, State of Arizona, Respondent.**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. CV–87–0466–PR.**

Supreme Court of Arizona, En Banc.

Sept. 27, 1988.

Harold L. Higgins, Jr., Pima County Public Defender by Blaine S. Gaub, Asst. Public Defender, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by John R. Gustafson, Pima County Deputy Atty., Tucson, for real party in interest.

Roderick G. McDougall, Phoenix City Atty. by Mary G. Isban and Cynthia A. Certa, Asst. City Prosecutors, Phoenix, for amicus curiae Phoenix City Prosecutor.

Frederick S. Dean, Tucson City Atty. by R. William Call and Christopher L. Straub, Asst. City Attys., Tucson, for amicus curiae Tucson City Prosecutor.

CAMERON, Justice.

## I. JURISDICTION

This is a special action brought by the defendant, John Bryant Shepherd, who was charged with driving under the influence of intoxicating liquor (DUI), A.R.S. § 28-692(A) (Supp.1987), while his license was suspended or revoked, A.R.S. § 28-692.02 (Supp.1987). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Sp.Act. 8, 17A A.R.S.

## II. ISSUES

The following issues must be resolved:
A. Was defendant denied his right to a speedy trial in violation of Rule 8, Ariz.R.Crim.P., and *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986)?
B. Was defendant denied his right to due process?
C. Was defendant denied his right to counsel?

## III. FACTS

On 27 March 1987, defendant was arrested for driving under the influence of intoxicating liquor. He refused to submit to a breath test to determine his blood alcohol content. Defendant's initial appearance was the following day. At that hearing, the court determined that defendant was indigent and appointed the Pima County Public Defender to represent him. The court set a preliminary hearing for 17 April and released defendant on his own recognizance.

On 15 April 1987, the State moved to dismiss the complaint without prejudice on the grounds that the Motor Vehicle Department (MVD) records were unavailable at that time. The court granted the motion.

On 4 August 1987, based on the 27 March incident, the Pima County Grand Jury returned an indictment charging de-

fendant with driving while under the influence of intoxicating liquor with a license that is suspended, cancelled, revoked or refused, A.R.S. § 28–692.02 (Supp.1987), and with committing a second offense of driving while under the influence without having applied for or obtained a license after suspension, cancellation, refusal or revocation, A.R.S. § 28–692(A) (Supp.1987). These offenses are both class five felonies. Defendant was arraigned in superior court on 12 August, 138 days after arrest. The court again appointed the public defender to represent defendant, set a pretrial conference for 18 August, and released defendant on his own recognizance.

On 18 August, defendant appeared for his pretrial conference. According to defendant's counsel, the court advised counsel that the case would have to go to trial on 24 August in order to comply with the 150–day arrest-to-trial requirement of *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986). On 20 August, defendant filed a motion to dismiss the DUI charges with prejudice. Arguments on the motion were heard by the court on 24 August. The court denied the motion to dismiss, but stayed further prosecution of the case pending special action proceedings in the court of appeals. The court of appeals denied relief and defendant petitioned this court for review. We granted the petition because the question presented is one of statewide importance.

## IV.  DISCUSSION

### A.  *Speedy Trial*

Defendant argues that the trial court's refusal to dismiss the charges with prejudice violated the defendant's right to a speedy trial as interpreted by *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986). Arizona's speedy trial rule is embodied in Rule 8, Ariz.R.Crim.P., which states in part that:

> Every person against whom an indictment, information or complaint is filed shall be tried ... within 150 days of the arrest or service of summons ... except for those excluded periods set forth in Rule 8.4....

Rule 8.2(a), Ariz.R.Crim.P.  In *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986), we held that in DUI cases the time for trial ran from date of arrest even though the matter had been dismissed and re-filed. The issue before us arises out of that decision.

*Hinson* involved a defendant who had been arrested for drunk driving four times within four months but was not brought to trial until twenty-one months after his first arrest.  The trial court held that Rule 8.2(a), Ariz.R.Crim.P., was not violated because the charges were all dismissed and later re-filed after the indictment was handed down.  We held that because of the unique nature of DUI cases, the defendant must be tried within 150 days of arrest regardless of whether charges are dismissed and re-filed.  *Id.* at 311, 723 P.2d at 660.

The major concern we had in *Hinson* was the delay in bringing defendants charged with drunk driving to trial. The delay bothered us for two reasons.  First, it allowed potential drunk drivers to continue driving without punishment for their prior DUI violations.  Second, the deterrent value of a conviction and punishment was decreased by the delay in obtaining a conviction and imposing punishment.  We also noted the legislature's intent to remove drunk drivers from the streets and highways as soon as possible due to the clear threat to public safety which they impose.  *Id.* at 309–10, 723 P.2d at 658–59.

In *Hinson* we did, however, allow for the possibility of extensions or continuances when we stated that failure to try the defendant within 150 days would lead to dismissal unless the Rule 8 exceptions applied.

> We wish to make clear what we are saying here.  After the police have arrested and removed a drunken driver from the highway as the statute and caselaw contemplates must be done, the prosecutor must proceed to charge or indict as well as try the defendant within the 150 day limit mandated by Rule 8.2(a) of the Rules of Criminal Procedure if not in custody and 120 days from arrest if in

custody pursuant to Rule 8.2(b) Ariz.R. Crim.P., 17 A.R.S. Failure to proceed promptly will result in a dismissal with prejudice, unless the exceptions contained in Rule 8 apply. In any event, the defendant must be tried within 150 days of arrest as provided in Rule 8.2(a), Ariz. R.Crim.P., 17 A.R.S.

*Hinson*, 150 Ariz. at 311, 723 P.2d at 660.

Rule 8.5, Ariz.R.Crim.P., allows a continuance for a maximum of thirty days "upon a showing that extraordinary circumstances exist and that delay is indispensible to the interests of justice." Also an extension is permitted under Rule 8.2(e), Ariz.R. Crim.P., which allows the trial court to permit one 30-day extension if the defendant is not in custody and all parties stipulate to a certain trial date.

The court of appeals, in considering this case, interpreted *Hinson* as follows:

> As we read *Hinson*, the rule adopted by the supreme court is not that the trial must actually commence within 150 days of the defendant's arrest, but rather that the state must be prepared to try the case within that period. The entire thrust of the court's discussion of the issue is directed at the prosecutor's ability and obligation to bring these cases to trial in an expeditious manner. In requiring strict compliance with Rule 8 in these cases, the court is in effect establishing a presumption of prejudice to the defendant if the prosecutor is not prepared to try the case within 150 days of arrest.

*Shepherd v. Fahringer*, 155 Ariz. 394, 396, 746 A.2d 1324, 1326 (App.1987). Although this may not be exactly what we said, it appears to be a logical application of *Hinson* to the facts in this case. If the prosecution is ready for trial within the 150-day time period, the state should not be penalized if the defendant is not also ready for trial.

▆ We hold that if the prosecution is ready to proceed to trial within 150 days of the defendant's arrest and the defendant does not have enough time within which to prepare for trial, he or she may move for a continuance or extension. This extension

of time, not to exceed 30 days, will be excluded from the 150-day time period as provided by Rule 8.4, Ariz.R.Crim.P. *See also State v. Long*, 148 Ariz. 295, 296, 714 P.2d 465, 466 (App.1986); *State v. Smith*, 146 Ariz. 325, 327, 705 P.2d 1376, 1377-78 (App.1985).

In the instant case, because the state was ready to proceed within 150 days of the date of defendant's arrest, as required by *Hinson, supra*, and the need for a continuance was a delay on behalf of the defendant, defendant's right to a speedy trial was not violated. We find no error.

### B. *Due Process*

Defendant contends that dismissing the charges on grounds that the MVD records are unavailable is a ruse and the real reason for dismissal is to grant the state an extra 30- or 60-day continuance by avoiding the time limit of Rule 8.2(c), Ariz.R. Crim.P. Defendant contends that this is supported by the fact that the prosecutor only told the grand jury of the substance of the MVD records and did not actually show the records themselves. Under these circumstances, defendant contends it was unnecessary to dismiss the complaint for the lack of the MVD records. Defendant claims that the prosecutor's dismissal on grounds that the MVD records were not available and then re-filing the matter close to or at the running of the 150-day period prejudiced him and denied him of his right to due process. We do not agree.

Drunk driving charges vary depending on whether the driver's license was suspended or revoked due to a previous DUI, and also on the number of prior offenses committed. The MVD records must be examined in order to charge the defendant with the proper offense. Also, the records are necessary to prove that the defendant had notice that his or her driver's license was suspended as is required by *State v. Williams*, 144 Ariz. 487, 489, 698 P.2d 732, 734 (1985).

▆ A prosecutor should not seek an indictment without probable cause. Ariz. R.S.Ct. 42, E.R. 3.8(a) 17A A.R.S. Nor is a

prosecutor expected to obtain an indictment until he or she believes that the accused's guilt can be proven beyond a reasonable doubt. *United States v. Lovasco*, 431 U.S. 783, 790–91, 97 S.Ct. 2044, 2049, 52 L.Ed.2d 752 (1977). The MVD records are necessary for the prosecutor to have probable cause to support the indictment. Even though the records are not presented to the Grand Jury, as long as the prosecution is ready for trial within the 150 days required by *Hinson*, we will not presume deliberate delay.

■ We do not wish, however, to encourage prosecutors to delay the obtaining of an indictment after the MVD records are available. We reiterate what we have already stated concerning delay by the state. Once a person is arrested "the state has the obligation to proceed forthwith to bring formal charges against that person or drop them". *Oshrin v. Coulter*, 142 Ariz. 109, 113, 688 P.2d 1001, 1005 (1984). DUI cases should be tried as soon as possible and this means the prosecution should be diligent in filing the charges and not wait until the last minute to file charges. If the facts indicate that the prosecutor deliberately delayed filing the complaint in order to secure a tactical advantage or to prejudice defendant in the preparation of his case, then dismissal with prejudice would be appropriate.

Admittedly, our court of appeals has stated:

> When the state is prepared to go to trial within the time limits ... it would be inappropriate to require judicial inquiry into whether the defense's inability to proceed is due to some "fault" on the part of the state. That would create yet another sub-issue for litigation unrelated to the substantial issues in the case.

*State v. Smith*, 146 Ariz. 325, 327, 705 P.2d 1376, 1378 (App.1985). There are times, however, in the prosecution of DUI cases, in which the prosecutor's lack of diligence in bringing the matter to trial can be questioned. We do not find it necessary to do that in this case.

We find no unnecessary delay by the prosecutor and no prejudice to the defendant.

### C. *Right to Counsel*

■ Defendant, an indigent, was represented by the public defender. When the charges were first dismissed, the defendant no longer had the right to appointed counsel and therefore was left without counsel for 118 days until he was arraigned upon the indictment. The defendant claims his loss of counsel during the period between dismissal and the indictment prejudiced him. We do not agree.

The public defender, by statute, is required to represent and defend indigent criminal defendants, A.R.S. § 11–584, Rule 6, Ariz.R.Crim.P., 17 A.R.S. The public defender, however, is not required to defend a potential defendant. Nowhere is it provided that the public defender must represent a person against whom no charges are pending. In the instant case, there was no certainty that the defendant would be indicted after the charges had been dismissed. Under these circumstances, it would have been inappropriate for the public defender to have been appointed to represent the defendant. It was only after the defendant was indicted that he was entitled to the services of the public defender. Nor do we agree that the delay or interruption in counsel prejudiced the defendant. Defendant had an attorney from 28 March until 15 April, and an attorney after 12 August. At all times, when criminal charges were pending, the defendant was represented by the public defender. We find no error.

AFFIRMED.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN and MOELLER, JJ., concur.