783 P.2d 241

STATE of Arizona, ex rel. Richard M. ROMLEY, Maricopa County Attorney, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, Honorable Patrick O'Neil, a judge thereof, Respondent Judge,

Bert Michael CLEWELL, Real Party in Interest.

Bert Michael CLEWELL, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, Honorable Patrick O'Neil, judge thereof, Respondent Judge,

The STATE of Arizona, Real Party in Interest.

No. CV–89–0107–PR.

Supreme Court of Arizona, In Banc.

Oct. 31, 1989.

Richard M. Romley, Maricopa County Atty. by H. Allen Gerhardt, Jr., Deputy County Atty., Phoenix, for petitioner.

Richard R. Brennan, Scottsdale, for real party in interest.

CAMERON, Justice.

## I. JURISDICTION

This petition for review, filed by the state, challenges the trial court's dismissal of a driving under the influence of intoxicating liquor (DUI) charge (A.R.S. §§ 28–692(A), 28–692.02) against the defendant, Bert Michael Clewell, and the court of appeal's failure to accept jurisdiction of the state's petition for special action. We granted review and have jurisdiction pursuant to Ariz.Const. art. 6, § 5(3) and Rule 8, Arizona Rules of Procedure for Special Actions, 17B A.R.S.

## II. ISSUES

We must answer the following questions on appeal:

A. Do Rule 8.2(b), Rules of Criminal Procedure, 17 A.R.S., and *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986), which require that trial for a defendant in custody be set within 120 days from date of arrest, apply to a DUI defendant who is not in custody pursuant to the current DUI charge, but is in custody on another matter?

B. Did the state exercise due diligence in bringing the defendant to trial?

### III. FACTS

Defendant Clewell was arrested on 10 August 1988 for driving while intoxicated (DUI) and for attempting to elude a police officer. A.R.S. §§ 28–622.01, 28–444, 28–445, 13–701, 13–702, 13–801 and 13–812. No DUI charges were filed against the defendant at that time and he was released from custody. He was, however, retained in custody for violating the conditions of his parole in another matter. An indictment and summons for the DUI charges were issued 1 September requiring that defendant appear for arraignment on 16 September. Defendant was still in the custody of the Arizona Department of Corrections (DOC) but did not receive the summons until 13 September. Defendant was released from DOC on 8 December and appeared for arraignment on 16 December. A trial date for 5 January 1989 was proposed, which was 148 days after defendant's arrest on the DUI charge. Except for a few hours at the time of arrest, defendant was never in custody on the DUI charge, but was in custody for violating the conditions of his parole.

On 23 December defendant filed a motion to dismiss claiming that he was in custody from 10 August to 8 December and that the 120 day time limit for bringing him to trial had expired. The prosecution stated that it was ready for trial within the 150 day time limit for defendants not in custody. The Honorable Patrick O'Neil, Judge Pro Tempore of the Superior Court of Maricopa County, ruled in favor of defendant's motion on the grounds that the 120 day "in custody" time limit under *Hinson* applied, even though defendant was not in custody under the DUI charge.

The state filed a Petition for Special Action and Application for Stay in the Arizona Court of Appeals, Division One. The Court of Appeals declined to accept jurisdiction of the state's Petition. We granted the state's Petition for Review because we believe the trial court erred in its interpretation of *Hinson*.

### IV. DISCUSSION

#### A. *Was the Defendant in Custody?*

We have held that because of the unique nature of the offense of driving under the influence of intoxicants or with a blood alcohol reading of more than .10 the accused must be tried within 150 days of arrest regardless of whether the offense had been "scratched" or "dismissed" before indictment, information or complaint. *Hinson v. Coulter*, 150 Ariz. at 311, 723 P.2d at 660.

As we noted in *Hinson:*

> After the police have arrested and removed a drunken driver from the highway as the statute and caselaw contemplates must be done, the prosecutor must proceed to charge or indict as well as try the defendant within the 150 day time limit mandated by Rule 8.2(a) of Rules of Criminal Procedure if not in custody and 120 days from arrest *if in custody pursuant to Rule 8.2(b)*, Ariz.R.Crim.P., 17 A.R.S.. (emphasis added).

150 Ariz. at 311, 723 P.2d at 660.

The state argues that the defendant was in custody only under the unrelated charge of parole violation and, thus, was never in custody pursuant to *Hinson*. Therefore, the state reasons, the "150 day rule" applies in the defendant's case.

The defendant argues that the state cannot circumvent the holding in *Hinson*, by relying on the fact that the defendant's incarceration was due to a charge unrelated to the DUI charge. We do not agree.

In general, courts do not take into account a defendant's incarceration for probation or parole violation in calculating the

speedy trial time period. *State v. Dudley*, 433 A.2d 711, 713 (Me.1981) (no infringement of speedy trial right where four of the six and one-half month delay was due to incarceration on a probation violation); *State v. Smith*, 699 P.2d 711 (Utah 1985) (defendant's speedy trial right did not attach at the time of his incarceration where he was arrested for robbery, but imprisoned for violating the conditions of his parole). *See also Mackey v. State*, 279 Ark. 307, 651 S.W.2d 82 (1983) (defendant was not denied a speedy trial under the rules where his parole was revoked following his arrest and he was not held in jail solely on the pending charge); *State v. Ogden*, 21 Wash.App. 44, 584 P.2d 957 (1978) (distinguished between being placed in custody by the court on criminal charges and being detained for parole violation for purposes of 60 and 90 day trial time limit rules).

The Court of Appeals of Washington had occasion to decide whether to apply the 60 day "in custody" rule or the 90 day "not in custody" rule to a defendant arrested on a burglary charge. *State v. Christianson*, 17 Wash.App. 264, 562 P.2d 671 (1977). The defendant was released on the burglary charge upon his personal recognizance, but remained in custody on a parole violation detainer. The court held that since the defendant was released on the current criminal charge of robbery, but held in custody on violation of parole, the 90 day "not in custody" rule applied. *Christianson*, 17 Wash.App. at 265, 562 P.2d at 672.

■ We believe the shorter time limit (120 days) applies only where the defendant is in custody on the *current* or *pending* charges relating to the ultimate speedy trial challenge. In the instant case, Defendant Clewell was arrested for DUI but was taken into custody for violating the conditions of his parole.

We hold that when a defendant is arrested and is taken into custody pursuant to a violation of parole and not pursuant to a current charge, such a defendant is not deemed to be "in custody" for purposes of the 120 day trial rule. In such a case, the 150 day rule applies.

## B. Due Diligence

The defendant argues that the state was not diligent in bringing the defendant to trial and that the trial court properly made such a finding in dismissing the DUI count. The thrust of defendant's argument is that during the entire time defendant was in custody under the parole violation, the state knew where to locate him, but did not pursue the matter with due diligence which resulted in prejudicing the defendant. We do not agree.

There are many reasons given for speedy trial rules. One is to ensure that an unconvicted individual who is ineligible to obtain a pretrial release is subject to minimum pretrial confinement. *State v. Royster*, 43 Wash.App. 613, 616, 719 P.2d 149, 152 (1986) (citing *United States v. Ewell*, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966)). The United States Supreme Court has held:

> The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...."

> \*   \*   \*   \*   \*   \*

> The Amendment would appear to guarantee to a criminal defendant that the government will move with the dispatch that is appropriate to assure him an early and proper disposition of the charges against him.

*United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468, 474 (1971). The sixth amendment guarantee of a speedy trial is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. *Ewell*, 383 U.S. at 119, 86 S.Ct. at 776, 15 L.Ed.2d at 630. As we have noted:

> The purpose of the speedy trial rule is to insure that a criminal defendant is not forgotten while the orderly administration of justice swirls around him on all sides but leaving him untouched.

*State v. Ferguson*, 120 Ariz. 345, 347, 586 P.2d 190, 192 (1978). The speedy trial rule

is simple justice. If a defendant is innocent, that should be determined as soon as possible. If the defendant is guilty, the public should know that as soon as possible. Also, in DUI cases, the defendant can be removed from the streets before he drives again and endangers the safety of others. Furthermore, rehabilitation can be instituted earlier.

■ Because of the importance of a speedy trial, there is a presumption, especially in a DUI case, that a matter has not been diligently pursued if the time limits of Rule 8 are violated. *See State v. Tucker,* 133 Ariz. 304, 308, 651 P.2d 359, 363 (1982) ("rule 8 speedy trial right in Arizona is more restrictive of the state than the sixth amendment"); *State v. Olson,* 146 Ariz. 336, 338, 705 P.2d 1387, 1389 (Ariz.App. 1985). However, the converse is also true. If the matter is brought to trial within the time limits, due diligence is presumed. *See Shepherd v. Fahringer,* 158 Ariz. 266, 269, 762 P.2d 553, 556 (1988) (as long as the prosecution is ready for trial within the 150–day period, the state should not be penalized); *State v. Smith,* 146 Ariz. 325, 327, 705 P.2d 1376, 1378 (App.1985) ("When the state is prepared to go to trial within the time limits, we believe it would be inappropriate to require judicial inquiry into whether the defense's inability to proceed is due to some 'fault' on the part of the state."). In this case, the state was ready to prosecute either 147 or 148 days after defendant's arrest. There was insufficient evidence of lack of due diligence to overcome the presumption of due diligence. We hold that under the facts in this case, the state was prepared to proceed within the applicable time limit and lack of diligence was not shown.

## V. RELIEF

The trial court's dismissal of the DUI charge is set aside and the matter is remanded for further proceedings consistent with this opinion.

GORDON, C.J., and FELDMAN, V.C.J., concur.

MOELLER, Justice, specially concurring.

I agree that the prosecution of the defendant is not time-barred. I write separately to point out that my concurrence should not be read as expressing confidence in the current validity of *Hinson v. Coulter* or the cases it has spawned.

Three years ago, in a laudable attempt to speed up the prosecution of drunk drivers, this court, in *Hinson v. Coulter,* 150 Ariz. 306, 723 P.2d 655 (1986), declared that DUI cases would be treated differently, for Rule 8 speedy trial purposes, than all other types of cases. Specifically, the three-member majority of the *Hinson* court held that:

> The prosecutor must proceed to charge or indict *as well as try* the defendant within the 150–day limit mandated by Rule 8.2(a) of the Rules of Criminal Procedure if not in custody and 120 days from arrest if in custody pursuant to Rule 8.2(b), Ariz.R.Crim.P., 17A A.R.S. *Failure to proceed promptly will result in a dismissal with prejudice,* unless the exceptions contained in Rule 8 apply. In any event, the *defendant must be tried* within 150 days of arrest as provided in Rule 8.2(a), Ariz.R.Crim.P., 17A A.R.S.

(Emphasis supplied.)

The dissenting justice in *Hinson,* Justice Holohan, expressed his concerns as follows:

> The rigid 150–day time limit will result in more DWI cases being terminated—by dismissal. Somehow I fail to see how such dispositions will aid in getting drunk drivers off the road.... By ignoring the realities of the situation, the court has fashioned a remedy which will serve to benefit the guilty because we have court congestion. The rigid time limit will be especially harmful for prosecution of felony DWI cases.

The avalanche of cases produced by the *Hinson* "rule" confirm, at least in part, Justice Holohan's worst fears. The court calendars of the state, including that of this court, confirm that *Hinson* has produced a whole new subspecies of DUI litiga-

tion. Often, what is now litigated in DUI cases is unrelated to the merits of the case; instead, the *Hinson* issues are litigated. Where the defendant prevails, he is, of course, not tried at all, let alone in the timely fashion envisioned by *Hinson*.

*Hinson* unequivocally required *trial* of DUI cases within either 120 or 150 days, depending on the defendant's custody status. Reality has required the court to retreat from its own *Hinson* rule. No longer is it necessary to *try* the defendant within the time limits; it is only necessary for the prosecutor to *file* the case within the time limits and announce that he is *ready* for trial. *Shepherd v. Fahringer*, 158 Ariz. 266, 762 P.2d 553 (1988). By the convenient device of late filing, the prosecutor is now permitted to evade the very time limits *Hinson* said he could not evade. The lower courts are required to countenance the evasions, because we approved them in *Shepherd*. The court's answer to this recent form of subterfuge has been to "charge" the additional time to the defendant. The effect is clear: a defendant charged at the last minute can either forego his right to prepare for trial and to have his lawyer prepare for trial or he may forego the time limits so boldly and unequivocally proclaimed in *Hinson*.

It simply cannot be "good law" to permit the prosecution to sit on a DUI case until near the end of the allowable time limit and then require the defendant to elect which of his supposed rights he wishes to give up. Nor can it be "good law" to permit so many DUI cases and, sadly, even related manslaughter cases to fall through the *Hinson*-created cracks, a result which is demonstrably occurring. *Hinson* litigation is itself a substantial cause of delay in DUI prosecutions, as witness the present case.

Doubtless the decision by this court in *Hinson* to try to speed up DUI cases was well-intentioned. Nothing in the legislation or in the speedy trials rules of this court, however, suggest an intent to treat DUI cases differently than all other criminal cases. The decision to do so should perhaps now be recognized as a noble experiment meriting reconsideration.

The court has recently agreed to create a committee of knowledgeable individuals to study problems inherent in DUI cases, including the *Hinson* case and its impact. That committee will provide the court with information enabling it to consider whether rules or procedures in DUI cases should be changed. That committee provides an appropriate forum through which to first revisit and reconsider *Hinson*. Pending the result of its work and this court's action based on that work, I concur in the result reached in this case.

CORCORAN, Justice, dissenting:

I agree with the remarks made by Justice Moeller regarding *Hinson* in his special concurrence. I respectfully dissent from the majority opinion.

The state asks us to review by special action the court of appeals' order declining to accept jurisdiction and the superior court's order dismissing a felony DUI charge. An order dismissing a count of an indictment is an appealable order, pursuant to A.R.S. § 13–4032(1). Our special action rules provide, in pertinent part, that "[e]xcept as authorized by statute, the special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal...." Rule 1(a), Arizona Rules of Procedure for Special Actions, 17B A.R.S. Although the court of appeals did not indicate the reason for declining jurisdiction in its order, the fact that the state had available review of the dismissal through the normal appellate process conceivably was a factor in declining discretionary jurisdiction.

Furthermore, I do not believe the state has shown any reason for us to grant extraordinary relief in this case. In its petition for special action, the state concedes the appealability of the dismissal order but argues that "Petitioner has no plain, speedy and adequate remedy by way of appeal for the reason that the two counts in the Indictment [Unlawful Flight From a Law Enforcement Vehicle and DUI] should be tried together since the same evidence applied to both charges." I do not believe that the extraordinary remedy of special

action is warranted on this basis alone; the state's remedy by appeal does not become inadequate simply because it takes longer. *See, e.g., Neary v. Frantz,* 141 Ariz. 171, 685 P.2d 1323 (App.1984). The state almost certainly could have obtained a ruling on an appeal *on the merits* by written decision from the court of appeals in the same amount of time it took to pursue this special action through two appellate courts.

I would have denied review in this case.