105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe U. SMITH, Petitioner-Appellant,
v.
George HERMAN, et al, Respondents-Appellees.
 No. 95-16811.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Dec. 31, 1996.
 
 Before RONEY,** BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Joe U. Smith appeals the denial of his petition for writ of habeas corpus in which he sought relief from a conviction in the Arizona state court for second degree burglary, sexual assault, and aggravated assault. Based on a magistrate judge's Report and Recommendation, the district court dismissed the petition on the ground that all claims asserted therein were procedurally barred. We affirm on the ground that the federal claims here made were never properly presented to the highest court in Arizona, even though they were pursued in the intermediate court of appeals.
 
 
 3
 These convictions resulted from a second trial after the Arizona Supreme Court had reversed prior convictions and remanded for a new trial because a defense witness had been inappropriately precluded as a discovery sanction. State v. Smith, 140 Ariz. 355, 681 P.2d 1374 (1984). That opinion sufficiently recites the critical facts concerning the crime so that it is not necessary to set them forth here. The issues on this appeal do not involve the facts of the crime.
 
 The district court ruled on four claims:
 
 4
 1. Smith was denied a speedy trial pursuant to Rule 8 of the Arizona Rules of Criminal Procedure.
 
 
 5
 2. The victim's in-court identification of Smith was tainted by an improper pretrial photographic lineup.
 
 
 6
 3. Smith's alibi witness was improperly impeached on a collateral matter.
 
 
 7
 4. Consecutive sentences were improperly imposed under state law.
 
 
 8
 To decide whether those claims are procedurally barred for failure to exhaust available state remedies, requires us to trace the prior litigation. After his second conviction on September 26, 1984, Smith timely appealed to the Arizona Court of Appeals, asserting six claims: (1) denial of speedy trial; (2) tainted lineup identification by victim; (3) improper impeachment of alibi witnesses; (4) improper consecutive sentences; (5) denial of a fair and impartial jury; and (6) improper prosecutorial closing argument. Both the convictions and the sentences were affirmed. State v. Smith, 705 P.2d 1376 (Ariz.Ct.App.1985). Thus the Court of Appeals ruled against Smith on the merits of all four issues in this petition addressed to the district court.
 
 
 9
 Smith did not appeal to the Supreme Court of Arizona, as he had a right to do. Instead, he filed a petition for post-conviction relief in the state trial court. Relief was denied on the ground that all of his claims either were or could have been asserted on appeal. Subsequent efforts for rehearing and attempts to get the Arizona Supreme Court to review his petition, including a request nearly three years later to permit a belated petition, had failed by August 6, 1991. On September 29, 1993, Smith filed the petition here under review.
 
 
 10
 Based on this scenario, it is clear the plaintiff has procedurally defaulted his state remedies and is therefore barred from seeking collateral relief under federal law. 28 U.S.C. § 2254; Teague v. Lane, 489 U.S. 288, 297-98 (1988); Hughes v. Idaho State Board of Corrections, 800 F.2d 905 (9th Cir.1986). To properly exhaust state remedies, a prisoner must afford the state's highest court the opportunity to rule on the merits of his federal constitutional claims by presenting them to the state's highest court in a procedurally appropriate manner. Castille v. Peoples, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.1986). A state prisoner may not expand the factual assertions supporting his federal constitutional claims beyond the facts offered to the state courts in support of the claims. Keeney v. Tamayo-Reyes, 504 U.S. 1, 8-10, 112 S.Ct. 1715, 1719-20, 118 L.Ed.2d 318 (1992).
 
 
 11
 Nonetheless, petitioner can obtain a federal review of his claims if he can show sufficient cause and prejudice to excuse the default, Reed v. Ross, 468 U.S. 1, 11, 104 S.Ct. 2901, 2908, 82 L.Ed.2d 1 (1984); Wainwright v. Sykes, 433 U.S. 72, 90, 91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977); Tacho v. Martinez, 862 F.2d 1376, 1380 (9th Cir.1988), and can demonstrate that a failure to consider the federal claim will result in a "fundamental miscarriage of justice." Engle v. Isaac, 456 U.S. 107, 133-35, 102 S.Ct. 1558, 1575-76 (1982).
 
 
 12
 Smith alleged as "cause" that he was not informed that the court of appeals had issued its decision. Petitioner's counsel did receive notice, however, and petitioner must "bear the risk of attorney error that results in a procedural default." Coleman v. Thompson, 501 U.S. 722, 752 (1991). Any resulting claim of ineffective assistance of counsel has not been properly presented to the state courts. See Carriger v. Lewis, 971 F.2d 329 (9th Cir.1992), cert. denied, 507 U.S. 992 (1993); Tacho v. Martinez, 862 F.2d at 1381. Before ineffective assistance of counsel may be presented as a cause for procedural default, it must have been presented to the state courts as an independent claim. Murray v. Carrier, 477 U.S. 478, 488 (1986).
 
 
 13
 Since petitioner did not establish cause for the procedural default, the magistrate judge properly did not reach the next issue of actual prejudice. Smith v. Murray, 477 U.S. 527, 533, 106 S.Ct. 2661, 2665, 91 L.Ed.2d 434 (1986). Nor did the petitioner establish that this is such an extraordinary case where a fundamental miscarriage of justice has occurred.
 
 
 14
 We hold that the district court properly denied relief on the basis of the well written Magistrate Judge's Report and Recommendation.
 
 
 15
 In his pro se brief filed with this Court, Smith asserts that he raised eleven claims, rather than the four claims considered by the Magistrate Judge. In response, appellees correctly point out that the petition raised only four specific claims for review though Smith mentioned other issues in various papers he has filed in connection with the habeas petition presently under review.
 
 
 16
 To the extent that there may be some other claims not directly discussed by the Magistrate Judge, it would appear that they have not been exhausted and are thus insulated from review in the federal courts.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Paul H. Roney, Senior Circuit Judge, U.S. Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3