578 P.2d 1039

The STATE of Arizona, Petitioner,

v.

The Honorable J. Richard HANNAH, Judge of the Superior Court, Respondent,

and

Timothy John CRAIG, Real Party in Interest.

No. 2 CA–CIV 2915.

Court of Appeals of Arizona, Division 2.

May 4, 1978.

Stephen D. Neely, Pima County Atty. by Zada Edgar, Deputy County Atty., Tucson, for petitioner.

Russo, Cox, Dickerson & Cartin, P. C. by J. Patrick Butler, Tucson, for real party in interest.

## OPINION

RICHMOND, Chief Judge.

The state challenges the dismissal with prejudice by the respondent of Pima County Cause No. A–33382, in which the real party in interest was charged with two counts of forgery. The dismissal is not an appealable order under A.R.S. § 13–1712, *State v. Fayle*, 114 Ariz. 219, 560 P.2d 403 (1976), and special action is appropriate. We assume jurisdiction and grant relief.

Trial of the case was set for April 13, 1978, and a hearing regarding the trial date was scheduled on the preceding day. The prosecutor assigned to the case asked another prosecutor to appear for her at the hearing. It had been previously agreed that defense counsel would not object to a motion for a three-day continuance. The court set the hearing over until the following day and suggested that contempt proceedings might be appropriate because of the prosecutor's failure to appear in person. On April 13, the prosecutor appeared and filed a written motion to continue on the grounds that she had a previous commitment to be out of Pima County on the day of trial and that one of her witnesses from California was not available.[1] She told the

---

1. The unavailability of the witness was the prosecutor's fault. In anticipation of the grant-ing of the continuance, she did not arrange for the attendance of the witness.

court that she was not ready to proceed, and that defense counsel had indicated he would not object to the continuance. The respondent court denied the motion to continue because no extraordinary circumstances existed to justify a continuance. See Rule 8.5(b), Rules of Criminal Procedure. On its own motion the court then dismissed the case with prejudice.

It is established that the granting of a continuance is within the discretion of a trial court. *State v. Wallace*, 98 Ariz. 243, 403 P.2d 550 (1965). We do not agree with petitioner's argument that the trial court has no jurisdiction to dismiss a prosecution in the absence of a motion of the prosecutor or the defendant under Rule 16.5(a) or Rule 16.5(b), Rules of Criminal Procedure. The trial court has the inherent power to dismiss a prosecution on its own motion.

The power to dismiss *sua sponte* does not carry with it the authority to dismiss with prejudice, however, unless, under Rule 16.5(d), "the court order finds that the interests of justice require that the dismissal be with prejudice." While the minute entry of April 13 contains the Rule 16.5(d) language, the transcript of the hearing negates such a finding. As this court has said in a case involving dismissal for violation of speedy trial time limits, the determinative factor as to whether a dismissal should be with or without prejudice is whether the delay would result in prejudice to the real party in interest. *State ex rel. DeConcini v. Superior Court, County of Pima*, 25 Ariz.App. 173, 541 P.2d 964 (1975). Here, defense counsel had agreed not to oppose the motion for continuance, and under those circumstances it cannot be said that the real party in interest would have been prejudiced if the case had gone forward.

There having been no showing of prejudice, dismissal with prejudice was an abuse of discretion. The order is vacated and the respondent court is directed to enter an appropriate order of dismissal without prejudice.

HOWARD and HATHAWAY, JJ., concur.