733 P.2d 298

**STATE of Arizona, Appellant,**

v.

**William James MANCE, Jr., Appellee.**

**No. 1 CA–CR 9387.**

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 19, 1986.

Reconsideration Denied Dec. 12, 1986.

Review Denied Feb. 24, 1987.

Thomas E. Collins, Maricopa Co. Atty., by H. Allen Gerhardt, Deputy Co. Atty., Phoenix, for appellant.

Louis A. Moore, Jr., Phoenix, for appellee.

## OPINION

GERBER, Judge.

On July 17, 1984, William James Mance, Jr. (defendant) was involved in a motor vehicle accident and was arrested for driving while under the influence of intoxicating liquor. At the police station, a gas chromatographic intoximeter test was administered and a .20 reading was obtained. The defendant was informed of his right to have a breath sample preserved, and he signed the appropriate form requesting that this be done. The form provides that the breath sample will be preserved for 30 days and explains how the defendant can claim his sample within that time period. The form also states that at the end of the 30–day period, the sample will be destroyed. After the intoximeter test, the arresting officer discovered that the defendant's driver's license had been revoked. The defendant was released after being informed that charges would be forthcoming. Ultimately, the defendant failed to claim his breath sample within the 30–day period, and it was destroyed.

On March 21, 1985, defendant was charged by information with: (1) driving while under the influence of intoxicating liquor in violation of A.R.S. § 28–692(A), and (2) driving with a blood alcohol level of .10% or more in violation of A.R.S. § 28–692(B). The charges were class 5 felony charges pursuant to A.R.S. § 28–692.-02 since the defendant's license had been revoked. The defendant filed a motion to dismiss both counts in the trial court. The

trial court granted the motion as to the second count on the ground that the state's failure to preserve the breath sample violated *Oshrin v. Coulter*, 142 Ariz. 109, 688 P.2d 1001 (1984). Both parties later moved for reconsideration. After a hearing, the trial court dismissed the first count. The trial court found that the notice of destruction of the breath sample did not satisfy the notice requirement of Rule 28.2(e), Arizona Rules of Criminal Procedure, and specifically relied on the then-existing opinion in *Mongan v. Superior Court*, (App.1985). The state appeals only from the trial court's order of dismissal of the first count.

The facts in this case differ markedly from those in *Oshrin v. Coulter, supra.* In *Oshrin*, the court held that the breathalyzer results should have been suppressed because the police conduct in that case constituted "a denial of fundamental fairness shocking to a sense of justice and a denial of due process." 142 Ariz. at 111, 688 P.2d at 1003. There, the police told the defendant that his case was dismissed, returned his bond to him, released him from custody, then destroyed the breath sample before filing a formal complaint against him. No comparable police misconduct appears in the record in this case.

Rule 28.2(e) requires that, at least 10 days prior to disposal, a law enforcement agency send notice of planned disposal to the person against whom the evidence may be used. Within 10 days of this notice, the suspect may request a stay of disposal until after trial or may examine or analyze the item of evidence.

In *Mongan, supra,* six defendants were arrested and charged with violating A.R.S. §§ 28–692(A) and –692(B). Each defendant submitted to an intoxilyzer test, and was asked at that time whether he/she wished to have the actual test sample preserved. Five of them waived this right by signing a standard waiver form similar to the one used in this case, and their samples were destroyed. One of the defendants signed the form requesting preservation. However, he failed to pick up the sample within 30 days, as he had been notified was required, so it was also destroyed. Later, the defendants filed a motion in city court for dismissal of the charges for failure to preserve the breath samples.

The *Mongan* decision, filed on April 17, 1985, held that in order to prevent denial of due process the police should follow the notice procedures required by Rule 28.2(e) before destroying a breath sample. That court found it improper for the police to rely upon a defendant's waiver of the right to preserve a breath sample where that waiver occurs at the time the test is administered to a possibly intoxicated person in a police station. The court also found that the defendant who had requested preservation was given notice on July 7 that his sample would be destroyed on July 22 (i.e., the end of the 30–day period). Therefore, the court concluded "that there was compliance with Rule 28.2 as to him."

The state suggests that the trial court may not have been aware of the supplemental decision in *Mongan. See Mongan v. Superior Court*, 148 Ariz. 511, 715 P.2d 764 (App.1985). That decision vacated the first *Mongan* opinion, and the court, retreating from its earlier position, held that Rule 28.2(e) did not apply to the destruction of breath samples under the facts of the case. The court determined that Rule 28 dealt with *post-verdict* proceedings (i.e., events occurring after the adjudication of charges), and was therefore irrelevant to a defendant's pretrial motion for discovery or in the alternative to suppress. The state, in the matter before us, argues that the trial court's dismissal of the first count must be considered an abuse of discretion because under the second *Mongan* decision, Rule 28.2 does not apply to the instant facts.

After the filing of the briefs in the instant case, the Arizona Supreme Court affirmed the supplemental decision in *Mongan v. Superior Court, supra. See Mongan v. Superior Court*, 148 Ariz. 486, 715

P.2d 739 (1986). In that opinion, our supreme court held that, "as to a suspect who waives the preservation of his breath sample, there is no need to comply with Rule 28.2(e) before the sample is destroyed." *Id.* at 488, 715 P.2d at 741. The supreme court did not adopt Division II's holding that the defendant in *Mongan* who had requested preservation had waived that right "by abandonment." Instead, the supreme court concluded that both the defendant and his counsel were given notice of the pending destruction in accordance with Rule 28.2(e), and therefore, there was no error. *Id.*

In the instant case, the breath sample was destroyed as a result of routine police procedures following defendant's failure to obtain the sample within 30 days after it was taken. In *Mongan,* our supreme court stated that breath samples must be destroyed in a proper manner and that under *Scales v. City Court,* 122 Ariz. 231, 594 P.2d 97 (1979), if the police follow the procedure in Rule 28.2, the requirement of due process will be satisfied. 148 Ariz. at 499, 715 P.2d at 741. We do not believe that following this rule is the *only* option open to the police. *See* 148 Ariz. at 513, 715 P.2d at 766. We conclude that notifying a defendant in writing at the time he requests a breath sample of the date it will be destroyed is also sufficient. Signing a written request form with knowledge that the sample will be destroyed within 30 days if not retrieved satisfies the requirement of due process.

In light of the foregoing, the trial court erred by dismissing the first count of the information. That count is hereby reinstated, and we remand this matter to the trial court for further proceedings consistent with this opinion.

JACOBSON, P.J., and CONTRERAS, J., concur.

NOTE: The Honorable RUDOLPH J. GERBER was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.