760 P.2d 610
**STATE of Arizona, Appellant,**

v.

**Loren GRABBE, Appellee.**

**No. 1 CA–CR 11684.**

Court of Appeals of Arizona, Division 1, Department B.

April 21, 1988.

Review Denied Sept. 14, 1988.

David S. Ellsworth, Yuma Co. Atty. by Philip L. Hall, Chief Deputy Co. Atty., Yuma, for appellant.

Hunt, Stanley, Hossler & Moore, Ltd. by Douglas S. Stanley, Yuma, for appellee.

## OPINION

EUBANK, Judge.

Appellee was indicted on felony DWI charges on December 11, 1986. On June 30, 1987, the trial judge granted a motion to dismiss with prejudice for violation of the time limits as required in *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986). On June 30, 1987, the state filed a notice of appeal. A.R.S. § 13-4032(1). We hold that the trial judge erred and reverse his order dismissing this matter.

The facts are as follows: on October 14, 1986, appellee was arrested on charges of driving while intoxicated. On December 11, 1986, appellee was indicted on several felony counts for violation of A.R.S. §§ 28-692(A), 28-692(B), 28-692.01(F), and 28-692.02(A)(1). Appellee was arraigned on December 16, 1986, the trial date was set for February 20, 1987, and the last day for trial was calculated to be March 31, 1987. On January 30, 1987, the superior court held an omnibus hearing. At the conclusion of the hearing, both sides mutually requested a continuance and the matter was continued until March 19, 1987. On March 18, 1987, appellee requested a continuance in order to file a petition for spe-

cial action with this court. Appellee's request was granted and the final date for trial was set for April 2, 1987. On April 2, 1987, appellee again moved to continue. His motion was granted and the trial date was continued until April 16, 1987. On April 7, 1987, this court granted a stay of the proceeding in the trial court. On May 5, 1987, this court accepted jurisdiction over the special action and denied appellee's requested relief. On May 20, 1987, the superior court, at appellee's oral request, granted a further continuance of the trial until June 30, 1987. On June 30, appellee moved for dismissal under *Hinson*. Appellee's motion was granted and the matter was dismissed with prejudice. This court entered its formal written opinion on appellee's special action on August 4, 1987. *Grabbe v. Superior Court*, 155 Ariz. 87, 745 P.2d 145 (App.1987).

On appeal, the state alleges that the trial court erred by not excluding time from the *Hinson* calculations for continuances requested by or for the benefit of the appellee. Appellee maintains that the trial court properly interpreted *Hinson* or, in the alternative, that the orally requested continuance of May 20 should not be considered as excludable time under *Hinson* and Rule 8 of the Arizona Rules of Criminal Procedure.

## EXCLUDABLE TIME UNDER HINSON

In granting the motion to dismiss with prejudice, the trial judge stated in part: "So I'm going to grant the motion to dismiss with prejudice because the way I read *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655, is that these various rules about delays caused by the defendant apply to other cases but they don't apply to drunk driving cases." The state maintains that the trial judge has misinterpreted *Hinson* and that time excludable from Rule 8 calculations is also excludable from *Hinson.* We agree.

*Hinson* only requires that the state be prepared to try the case within 150 nonexcludable days. *Shepherd v. State*, 155 Ariz. 394, 746 P.2d 1324 (App.1987). Time excludable under Rule 8, Arizona Rules of

Criminal Procedure, is also excludable from the time limit in *Hinson. See State v. Tarkington*, 157 Ariz. 556, 760 P.2d 556 (App.1988). The trial judge's statement that time excludable under Rule 8 is not excludable under *Hinson* is incorrect.

In his response, appellee maintains that the trial court held that the time period from May 20 to June 30 was not excludable time. The record on appeal does not support this conclusion. To the contrary, the record shows that the trial judge believed that time excludable under Rule 8 was never excludable from the time limits in *Hinson* in a DWI case. The trial court never ruled whether or not the time period from May 20 to June 30 was excludable, and the parties did not request such a ruling.

## EXCLUDABLE TIME

 The state argues that after the excludable time from May 20 through June 30 is deducted, sixteen days remain to comply with the time limits of *Hinson*. Appellee maintains that no time is left to try him. The issue was addressed by our Supreme Court in *State v. Gretzler*, 126 Ariz. 60, 71, 612 P.2d 1023, 1034 (1980), where the court stated:

> Though he urged the continuances that were granted, Gretzler now protests that the continuances were improper. A defendant may not obtain a continuance and then assert, on appeal, failure to comply with the rule as ground for retrial. (Citations omitted.) The continuances herein were obtained by Gretzler as a result of the motions he was entitled in law to make and were "on behalf of the defendant." Rule 8.4(a), *supra,* We find no Rule 8 speedy trial violation.

Similarly, appellee is responsible for the oral motion requesting additional time to review the prior opinion of this court, and he did not protest that the continuance granted was for more than thirty days. Thus, the entire time period between May 20 and June 30, 1986, is properly excluded from the calculation under *Hinson.*

For the foregoing reasons, the decision of the trial judge dismissing the indictment is reversed and this matter remanded for further proceedings consistent with this opinion.

BROOKS, P.J., and KLEINSCHMIDT, J., concur.