773 P.2d 471

**STATE of Arizona, Appellant,**

v.

**Robert Franklin GOODWIN, Appellee.**

**No. 1 CA–CR 88–583.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 24, 1989.

As Corrected on Grant of State's Motion to Reconsider March 9, 1989.

Appellee's Motion for Reconsideration Denied March 9, 1989.

Review Denied Denied June 6, 1989.

Richard M. Romley, Maricopa County Atty., and Thomas E. Collins, former Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Deputy Public Defender, Phoenix, for appellee.

## OPINION

EUBANK, Judge.

Did the trial judge err in granting defendant's motion to suppress, on the basis of *Baca v. Smith, infra,* where the police officer gave the defendant the second breath sample and the defendant then threw it away. We hold that the judge erred.

Appellee Robert Franklin Goodwin (defendant) was charged by indictment with two counts of driving while under the influence, having never obtained a license, with one prior DWI conviction, both class 5 felonies. His counsel moved to suppress the breathalyzer results. Following a hearing, the motion was granted. Thereafter, the court granted the state's motion to dismiss without prejudice. The state timely appealed the suppression of evidence to this court. A.R.S. § 13-4032.

Defendant in his answering brief contends that the trial judge discounted the credibility of the police officer in granting the motion to suppress.[1] The record does not support this contention. The officer testified that he saved a breath sample and gave it to the defendant, after putting it in an envelope. He testified that he explained to defendant what the sample was and that the defendant could have the sample analyzed to determine the accuracy of the machine. He then testified:

> At that time he [defendant] indicated to me that he had no desire to keep that sample. Sample was given to him, stating that, if you want to throw it away, throw it away yourself.

> He was then allowed to stand up from the chair sitting next to the intoxilyzer, walk approximately four or five steps to the trash can, to which he threw away the sample.

On cross-examination, the officer was asked:

> Q. You are now testifying based on your normal practice that's what you are sure you did?

> A. No, it's what I knew I did. I specifically recall standing up above the machine, talking to Mr. Goodwin and explaining to him—handing him the envelope.

> It's not often that they throw it away right in my presence. In fact, I do not recall anybody ever doing that before. He did it.

The court in ruling on the motion to suppress stated, "I have no reason to doubt this officer's word," and then concluded by stating:

> I think what *Baca* is telling us, is that the defendant must sign indicating that he doesn't want the sample preserved.

> If the sample is in fact given to him, it seems to me that the logic of *Baca* requires that there be a written receipt of the sample.

> Once again I say for the record, so that whoever reads this is clear, I have no reason to doubt one iota what the deputy has testified to, but I do think that it is not in keeping with what the strict requirement of the *Baca* case requires, that these—that these samples, and the preservations of them, and the waiving of them be in writing on forms.

> So the motion to suppress is granted on that technical basis, based on *Baca*

---

1. The defendant testified that the officer did not give the second sample to him. The defendant could not recall whether the officer advised him of his right to a second sample.

*versus Smith,* 124 AZ. 353 [604 P.2d 617 (1979)]. (Underlining added).

From the above, it is clear to us that the trial court accepted the officer's testimony as true, but found that, even so, the state had failed to comply with *Baca.* Thus, we reject any suggestion by the defendant that the trial court found that the officer's testimony was not credible or granted the motion on that basis. We will assume that the trial court decided as it did for the reasons that it stated on the record.

■ The state urges that the trial court erred in granting the motion to suppress. It contends that, contrary to the trial judge's ruling, *Baca v. Smith,* 124 Ariz. 353, 604 P.2d 617 (1979), does not require the state to obtain a written waiver of the right to a second sample or a written receipt for the sample given to defendant. We agree.

We do not read *Baca* as saying that defendant can waive his right to a second sample *only* by signing the notice and waiver form. *Baca* holds:

[T]hat if a suspect is clearly advised that a second sample of his breath will be taken and preserved for his use and he does not demand in writing on forms provided by the arresting authority that a sample be taken and preserved for him, we will consider that he has waived the taking and preservation of a second sample.

124 Ariz. at 356, 604 P.2d at 620. We certainly do not take the above to mean that the defendant cannot waive the second sample by action, other than signing a written waiver, such as throwing away the second sample when it was given to him. The purpose of *Baca* is to make sure the defendant knows he has a right to a second sample and that the sample will be saved if he so desires. *State v. White,* 155 Ariz. 452, 747 P.2d 613 (App.1987). That purpose was served in this case. *See State v. Mance,* 152 Ariz. 413, 733 P.2d 298 (App. 1986).

■ The record shows that the defendant clearly knew about his right to have the second sample. Even if we ignore the officer's testimony at the hearing, the de-fendant was examined and testified as follows:

Q. Do you remember if the officer ever told you you had a right to have a sample preserved for your use?

A. No. That I do not recall. But I do know that you are supposed to have [one].

Because I was given one once before that I'm sitting here on the charges, not these charges, but the one I'm doing time in prison, and they gave me a sample about this big; it had marks on there with ink, the officer's signature; and he said you can take this to your doctors within five days and have it analyzed yourself.

The officer here did not merely advise the defendant of his right to a breath sample, and right to preserve the sample in case the defendant later wanted it, he actually gave the sample to the defendant. This is more than *Baca* requires. It was not the state, but the defendant who, by his unilateral action, disposed of the evidence which was taken to aid in his defense.

We find persuasive *State v. Crotty,* 152 Ariz. 264, 731 P.2d 629 (App.1986). There defendant requested and obtained the second sample. He appeared for a scheduled hearing and was told by a clerk that the case had been scratched. A month and one-half later, having heard nothing further, the defendant threw away the sample. Several months later, defendant was charged with felony DWI. This court, on the state's appeal after dismissal, considered whether the clerk's statement to the defendant interfered with defendant's right to have the second sample tested. We concluded that the dismissal was improper because:

The second breath sample in this case was destroyed by appellee, not the police, and not as a result of any affirmative conduct on the part of the police or judicial system.

152 Ariz. at 266, 731 P.2d at 631. We concluded that defendant had a duty to make further inquiry before disposing of the potentially exculpatory evidence. As

we noted in *Crotty,* "He acted unilaterally in destroying his own breath sample." *Id.* at 266, 731 P.2d at 631.

We see no difference whether the defendant throws away the second sample in the police station immediately after it has been given to him or he throws it away months later after the charges have been purportedly dropped. If anything, it was even more culpable of this defendant to throw away the sample where there was no indication that the charges would be dropped and where, from previous experience, he knew of the importance of the sample.

Finally, there is no indication in the record that the officer was attempting to subvert defendant's rights. He took the second sample, put it in an envelope, and gave it to the defendant. After defendant threw away the sample, the officer even administered a second test. He was asked by defense counsel:

Q. Why did you do that?

A. He indicated to me—I can't recall his exact wording, but he indicated to me that he was sort of somewhat surprised [sic] at its reading, and wanted to take a second test; which I had no hesitation in giving to him.

Q. So you gave him a second test?

A. Correct.

Thus, we must conclude that the trial court erred in granting defendant's motion to suppress the breathalyzer results. We reverse, and remand to the trial court for further proceedings.

CONTRERAS, P.J., and HAIRE, J., concur.