823 P.2d 51

**STATE of Arizona, Appellee,**

v.

**Jorge G. MENDOZA, Appellant.**

**No. CR–90–0325–PR.**

Supreme Court of Arizona,
En Banc.

Jan. 7, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Div., Randall M. Howe, Asst. Atty. Gen., Phoenix, for appellee-State.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

Roderick G. McDougall, Phoenix City Atty. by Brian W. Rock, Laurel M. Canham, Samuel K. Lesley, Asst. City Prosecutors, Phoenix, for amicus curiae Phoenix City Prosecutor.

Richard M. Romley, Maricopa Co. Atty. by Jerry G. Landau, Deputy Co. Atty., Phoenix, for amicus curiae Maricopa County Attorney's Office.

## OPINION

CORCORAN, Justice.

Defendant Jorge G. Mendoza was convicted of (1) driving while under the influence of intoxicating liquor (DUI) with two prior DUI convictions and (2) driving with a blood-alcohol content (BAC) of 0.10 or more with two prior DUI convictions, both class 5 felonies, in violation of A.R.S. §§ 28–692 and –692.01. The trial court suspended Mendoza's sentence, placed him on probation for three years, and imposed a mandatory 6–month prison term. The court of appeals reversed the convictions, 170 Ariz. 196, 823 P.2d 63, and we granted the state's petition for review. We have jurisdiction pursuant to Ariz.Const. art. 6, § 5(3), and Rule 31.19, Arizona Rules of Criminal Procedure.

*Facts and Procedural Background*

Defendant was stopped by a police officer at approximately 1:45 a.m. on May 8, 1988 for erratic driving. The police officer arrested defendant for driving while intoxicated, A.R.S. §§ 28–692, –692.01, after defendant failed several standard field-sobriety tests. The arresting police officer ad-

ministered a breath test at 2:31 a.m., which indicated that defendant's BAC was 0.21.

On June 8, 1988, a Maricopa County Grand Jury indicted defendant on one count of DUI with two prior DUI convictions and one count of driving with a BAC of 0.10 or more with two prior DUI convictions, both class 5 felonies. Defendant was arraigned on June 24, 1988, and his trial was scheduled for August 9, 1988. At the July 19, 1988 pretrial conference, the trial court postponed the trial until September 19, 1988. This extension of time was not excluded from the "speedy trial" calculation of rule 8.2(a), Arizona Rules of Criminal Procedure.

On September 14, 1988, defendant moved for a trial continuance because defense counsel had a firm trial setting in another case on September 19, 1988. The court granted the motion, continued the trial until October 19, 1988, and excluded the 30-day extension from the rule 8 time calculation. On October 19, 1988, the court continued the trial, *sua sponte*, to November 1, 1988 because the judge was presiding at another trial. The court did not exclude this time under rule 8. On November 1, 1988, the court again continued the trial, *sua sponte*, for one day, without excluding the day under rule 8. In addition to the court's *sua sponte* continuance on November 1, 1988, the state also moved for a continuance because the state's primary witness, the arresting police officer, had reinjured a bullet wound to his foot while waiting to testify at defendant's trial, and he required medical attention. Over defendant's objection, the court granted a continuance until December 2, 1988 and excluded the continuance from the rule 8 time computation.

The state moved for an additional 15-day continuance on November 30, 1988 because the prosecutor was prosecuting another case. On December 1, 1988, Mendoza moved to dismiss the action against him with prejudice pursuant to *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986), because the state was not ready to proceed to trial on December 4, 1988, as required under *Hinson.*[1] On December 2, 1988, in response to the state's request for a 15-day continuance, the trial court continued the trial until January 1, 1989, excluded the 28-day continuance from the rule 8 time limit, and deferred ruling on defendant's motion to dismiss. The court heard the motion to dismiss on December 30, 1988, requested supplemental briefing on the issue, and continued the trial to January 3, 1989 because January 1, 1989 was a holiday. On January 3, 1989, the court denied defendant's motion to dismiss, but stayed the proceedings so that defendant could pursue a special action.

The court of appeals declined jurisdiction of the special action and trial was set for March 10, 1989. Pursuant to defendant's request, however, the trial court continued the trial until March 13, 1989 so defense counsel could prepare for trial. On March 13, 1989, defendant again moved to continue the trial because defense counsel was still unprepared for trial. The trial court granted the motion, extended the trial date to March 27, 1989, and excluded the continuance from the rule 8 calculation.

Defendant's trial began on March 27, 1989. The jury convicted defendant on both counts. The court placed defendant on probation for 3 years and ordered him to serve a mandatory 6-month prison term.

Defendant appealed his convictions, arguing that (1) the state failed to present any "relation-back" evidence concerning his BAC at the time he was driving, as required by *Desmond v. Superior Court*, 161 Ariz. 522, 779 P.2d 1261 (1989); and (2) the trial court should have dismissed the case against him with prejudice because the continuance granted when the prosecutor was

---

1. In *Hinson,* we held that a DUI defendant must be tried within 150 days *from the date of his arrest.* 150 Ariz. at 311, 723 P.2d at 660. In *Shepherd v. Fahringer,* we clarified this rule, stating that the state must be prepared to proceed to trial within 150 days of the date of arrest, excluding any delay attributable to the defendant. 158 Ariz. 266, 269, 762 P.2d 553, 556 (1988).

As pointed out by the court of appeals, the actual *Hinson* last day was December 12, 1988—not December 4, 1988. *See State v. Mendoza,* 170 Ariz. 196, 203 n. 5, 823 P.2d 63, 70 n. 5 (App.1990).

trying another case violated the 150–day *Hinson* rule.

The court of appeals reversed defendant's convictions, holding that the state failed to present sufficient "relation-back" evidence under *Desmond* and that the trial court violated the 150–day *Hinson* "rule." *State v. Mendoza*, 170 Ariz. 196, 201–203, 823 P.2d 63, 68–70 (App.1990). We granted the state's petition for review on the *Hinson* issue for the purpose of determining whether *Hinson* should be modified or overruled. Because we believe the 150–day *Hinson* rule is unnecessary, improper, and counterproductive, we overrule *Hinson*'s modification of rule 8 in DUI cases.

### Issues

We address the following issues on appeal:

1. Should this court modify or overrule *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986)? If so, should this decision be applied retroactively, or would such application constitute an *ex post facto* law?

2. Is a trial continuance granted by the trial court because the prosecutor is in another trial excludable time under Rule 8, Arizona Rules of Criminal Procedure?

### Analysis

1. The *Hinson* Issue

a. *Background*

■ Under rule 8.2(a), *"[e]very person* against whom an indictment, information or complaint is filed shall be tried by the court having jurisdiction of the offense within 150 days *of the arrest or service of summons...."* (Emphasis added.) The remedy for a violation of this "speedy trial" time limit is dismissal of defendant's prosecution with or without prejudice. Rule 8.6; *State v. Mitchell*, 112 Ariz. 592, 593, 545 P.2d 49, 50 (1976). The trial court has sole discretion to determine whether the dismissal is with or without prejudice. Rule 8.6; *State ex rel. DeConcini v. Superior Court*, 25 Ariz.App. 173, 175, 541 P.2d 964, 966 (1975). If a case against a criminal defendant is dismissed without preju-

dice and is later refiled by the state, the 150–day time limit begins anew. *Johnson v. Tucson City Court*, 156 Ariz. 284, 287, 751 P.2d 600, 603 (App.1988); *State v. Rose*, 121 Ariz. 131, 137, 589 P.2d 5, 11 (1978).

In *Hinson v. Coulter*, this court modified the application of rule 8.2(a) in DUI cases and held that a DUI defendant must be tried within 150 days of *arrest* regardless of whether the DUI charge is "scratched" or "dismissed" by the state. 150 Ariz. 306, 311, 723 P.2d 655, 660 (1986). We further held that the appropriate remedy for a violation of this strict application of rule 8.2(a) is dismissal of the DUI charge *with prejudice*. 150 Ariz. at 311, 723 P.2d at 660. Our primary purpose in fashioning this rule was to accelerate the prosecution of drunk drivers and thereby remove them from our streets. *Hinson*, 150 Ariz. at 310, 311, 723 P.2d at 659, 660.

The facts in *Hinson* presented a case of egregious and unjustifiable prosecutorial delay. The defendant had been arrested for DUI 4 times within 4 months, but his trial on 7 felony counts stemming from the arrests did not begin until 21 months after his first arrest. *Hinson*, 150 Ariz. at 308–09, 723 P.2d at 657–58. This lengthy delay resulted from the common "scratch and refile" practice whereby criminal charges against a defendant are dismissed without prejudice and are refiled at a later date. In *Hinson*, it was obvious to this court that the prosecutor's office used this practice to circumvent the time requirements of rule 8.2(a). *See State v. Guerrero*, 156 Ariz. 600, 602, 754 P.2d 327, 329 (App.1988) (Roll, J., dissenting), *vacated on other grounds*, 159 Ariz. 568, 769 P.2d 1014 (1989). Because we believed it was necessary to end this "widespread prosecutorial abuse" in order to meet the legislature's objective of removing drunk drivers from our streets, *Guerrero*, 159 Ariz. at 570, 769 P.2d at 1016, we held in *Hinson:*

[T]he prosecutor must proceed to charge or indict as well as try the defendant within the 150 day limit mandated by Rule 8.2(a) of the Rules of Criminal Procedure if not in custody and 120 days from arrest if in custody pursuant to

Rule 8.2(b), Ariz.R.Crim.P., 17 A.R.S. Failure to proceed promptly will result in a dismissal with prejudice, unless the exceptions contained in Rule 8 apply. In any event, the defendant must be tried within 150 days of arrest as provided in Rule 8.2(a), Ariz.R.Crim.P., 17 A.R.S. *Hinson,* 150 Ariz. at 311, 723 P.2d at 660.

Secondarily, we created the *Hinson* "rule" to redress two particular evidentiary problems: the "fleeting" nature of evidence in DUI cases and the tendency of DUI defendants to fail to preserve evidence when the case against them is "scratched." *Hinson,* 150 Ariz. at 309, 723 P.2d at 658. With regard to fleeting evidence, we were specifically concerned (1) that blood and breath samples might be useless after a long pretrial delay because of their short "shelf life," and (2) that witnesses' memories often dim over time. Additionally, we believed that the "scratch and refile" practice was prejudicially leading defendants "to believe that they do not have to take any action to preserve evidence, make notes, or contact witnesses who might be available for their defense." *Hinson,* 150 Ariz. at 309, 723 P.2d at 658.

In the 5 years since *Hinson,* numerous DUI defendants have avoided trial or conviction, not on the merits, but because of *Hinson.* The issue in DUI cases is no longer guilt or innocence; DUI cases are now simply a time game. Therefore, we now concur with Justice Moeller's observation that *Hinson* is "a noble experiment meriting reconsideration." *State ex rel. Romley v. Superior Court,* 162 Ariz. 302, 306, 783 P.2d 241, 245 (1989) (Moeller, J., specially concurring).

### b. *Jurisdiction*

We note at the outset that defendant filed a "Motion to Dismiss for Lack of Jurisdiction" arguing that we have no subject matter jurisdiction to reconsider our holding in *Hinson* becasue the state failed to file an appeal or cross-appeal on this issue. We reject this argument.

■ We recognize that a new issue may not be raised for the first time on appeal absent fundamental error. *See State v.*

*Gendron,* 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991). Here, however, we are not considering a "new" issue. The precise issue raised by the state in its petition for review is whether the court of appeals erred when it held that a trial continuance granted by the trial court because the prosecutor was in another trial was not excludable time under rule 8. Implicit in our review of both this issue and the court of appeals' application of *Hinson* to the facts of defendant's case is our examination of the continued vitality of *Hinson.*

Therefore, we now consider the continued vitality of *Hinson.*

### c. *Application of Hinson in This Case*

In the present case, a jury convicted defendant of two class 5 felonies for drunk driving. However, the court of appeals found that a 28–day continuance resulting from the prosecutor's appearance in another trial was not excludable time under *Hinson.* As a result, defendant's trial began after the 150–day limit imposed by *Hinson,* and the court of appeals reversed defendant's convictions. Based upon our analysis below, we believe the court of appeals correctly applied the *Hinson* rule in this case. We also believe that the end result of the application of *Hinson* in this case proves the fatuity of *Hinson.*

Although the *Hinson* rule allows rule 8 continuances, this court emphatically stated in *Hinson* that such continuances are *not* allowed beyond an absolute 150 days. *Hinson,* 150 Ariz. at 311, 723 P.2d at 660 ("Failure to proceed promptly will result in a dismissal with prejudice, unless the exceptions contained in Rule 8 apply. *In any event,* the defendant must be tried within 150 days of arrest as provided in Rule 8.2(a)....") (emphasis added). We modified this rule in *Shepherd v. Fahringer* by holding that the state need only be prepared to proceed to trial within 150 days, excluding any delay *attributable to the defendant.* 158 Ariz. 266, 269, 762 P.2d 553, 556 (1988). *See also State v. Soto,* 159 Ariz. 33, 35, 764 P.2d 768, 770 (App.1988); *State v. Grabbe,* 157 Ariz. 610, 611–12, 760 P.2d 610, 611–12 (App.1988). However, as

the court of appeals correctly stated in this case,

> [n]o case has interpreted *Hinson* as allowing for the exclusion of time when the state is simply not ready to proceed to trial.... "[T]he *Hinson* case says what it means and means what it says. After excluding any delay attributable to the defendant, the trial of such defendant must commence within 150 days after his arrest."

*Mendoza*, 170 Ariz. at 203, 823 P.2d at 70, quoting *Andre v. Tucson City Court*, 165 Ariz. 160, 797 P.2d 699 (App.1990). Thus, because the continuance at issue here was granted on behalf of the state, it was not excludable time under *Hinson*.

In addition, if *Hinson* is to retain its puissance, we must conclude that two other continuances granted by the trial court, although not at issue, are also not excludable. One of these continuances was granted, *sua sponte*, because the court was presiding at another trial; the other was granted because the state's primary witness, the arresting officer, had reinjured a wound.

### d. *Hinson is Counterproductive*

The "life of the law has not been logic: it has been experience." Oliver Wendell Holmes, Jr., *The Common Law* 1 (1881). Our experience tells us that *Hinson* is counterproductive to its primary goal of removing drunk drivers from the streets of this state. Litigation of *Hinson* issues delays the prosecution of drunk drivers, and the *Hinson* rule too often allows drunk drivers to escape conviction despite the fact that they have not suffered prejudice by delay. Since our pronouncement of the *Hinson* rule, at least 27 published appellate opinions have addressed the rule, including 9 opinions of this court.

> This avalanche of cases ... confirm[s] that *Hinson* has produced a whole new subspecies of DUI litigation. Often, what is now litigated in DUI cases is unrelated to the merits of the case; instead, the *Hinson* issues are litigated. Where the defendant prevails, he is, of

course, not tried at all, let alone in the timely fashion envisioned by *Hinson*.

*State ex rel. Romley*, 162 Ariz. at 305–06, 783 P.2d at 244–45 (Moeller, J., specially concurring). This result confirms the fears of Justice Holohan, the sole dissenter in *Hinson*, that "[t]he rigid 150–day time limit will result in more DWI cases being terminated—by dismissal." *Hinson*, 150 Ariz. at 312, 723 P.2d at 661 (Holohan, J., dissenting). In fact, currently only DUI defendants challenging their continued prosecutions or convictions under *Hinson* argue that *Hinson* should be retained. Defendant himself acknowledges that he is in the "ironic situation of ... arguing that *Hinson* should be enforced in order to remove countless drunk drivers from our streets." On the other hand, prosecutors, who have the legal obligation to remove drunk drivers from our streets, oppose the continued application of *Hinson* because it contributes to delay and forces the dismissal of DUI cases that should result in convictions.

Moreover, even a DUI prosecution that meets the time constraints of *Hinson* does not necessarily result in the speedy trial of drunk drivers. Because continuances granted on behalf of a defendant are excluded from the *Hinson* time calculation, a DUI trial may be considerably delayed by the defendant. In this case, for example, defendant's trial was delayed approximately 47 days because of three separate continuances granted to him. The first continuance was granted because defense counsel had another trial. Defendant obtained the last two continuances, which were granted because defense counsel was unprepared, *after* he had already twice moved for dismissal under *Hinson*. Defendant requested the continuances even though he now argues that the case "was *extremely simple* and required no continuance for trial preparation after the assigned prosecutor finished the other trial he was in on December 2, 1988."

The result obtained by applying *Hinson* in this case proves the fatuity of *Hinson*. While delays caused by a *defense attorney's* scheduling conflict or mere unpreparedness for trial are excluded under *Hinson*, a continuance granted on the basis of

the *prosecutor's* scheduling conflict is not excluded under *Hinson*, even if the prosecutor is prepared to proceed with the trial absent the scheduling conflict. Further, *Hinson* does not allow the necessary flexibility to grant a continuance when the trial judge is presiding at another trial or when a key witness has been injured. If on one critical day, the *Hinson* last day, the trial court has a case backlog, the prosecutor is in another trial, or a key witness is unavailable, either the case against the DUI defendant is dismissed with prejudice, or the defendant's conviction is ultimately reversed.

Also, prosecutors are choosing to file only manslaughter charges, and not DUI charges, in fatality cases because they do not want manslaughter cases to be governed by the *Hinson* rule. Because manslaughter cases are often complex and require additional time for investigation, prosecutors are often not prepared to try a manslaughter case within the strict *Hinson* 150-day time limit. In addition, a speedy DUI conviction may bar a subsequent manslaughter prosecution under double jeopardy principles. *Grady v. Corbin*, 495 U.S. 508, 514, 110 S.Ct. 2084, 2094, 109 L.Ed.2d 548 (1990) (it is a violation of the double jeopardy clause to prosecute a defendant for DUI and then use the same facts to prosecute the defendant for vehicular homicide). Thus, if a prosecutor cannot prepare a manslaughter case within the strict time limit imposed by *Hinson*, he may not file a DUI charge against a drunk driving defendant. And, if the manslaughter prosecution is unsuccessful, it is too late under *Hinson* to file a DUI charge against the drunk driver.

Based upon the foregoing, we believe that *Hinson* does not serve the best interests of justice. Too many DUI cases have become time games, with defendants escaping conviction not because of the merits of their defenses, but because of fortuitous circumstances. *Hinson* has undeniably proven to be counterproductive to its asserted goal of removing drunk drivers from our streets.

### e. *Hinson is Unnecessary*

In addition to the fact that the *Hinson* rule is counterproductive to its primary purpose, we find that DUI cases are not "unique" and do not require special application of rule 8. In *Hinson*, this court found that DUI cases were "unique" in three aspects: (1) drunk drivers must quickly be removed from the streets; (2) the evidence in DUI cases is "fleeting"; and (3) the scratch and refile system often leads defendants to believe that they do not need to preserve evidence. 150 Ariz. at 309–10, 723 P.2d at 658–59. These grounds no longer justify the continued application of *Hinson*.

First, *Hinson's* primary goal of quickly removing drunk drivers from our streets is now accomplished by the "Administrative Per Se law," A.R.S. § 28–694, and the Implied Consent Statute, A.R.S. § 28–691, which became effective on January 1, 1988. These laws allow a police officer to seize the driver's license of any driver whose BAC is 0.10 or higher or who refuses to submit to a breath or blood test. Defendant argues that the *Hinson* rule is still necessary, however, because drunk drivers continue to drive whether or not their driver's licenses are suspended or revoked. But, even the *Hinson* rule itself does not prevent drunk drivers from driving on suspended or revoked licenses. This is a problem that must be addressed by the legislature.

Second, evidence in DUI cases is not uniquely "fleeting." In *Hinson*, we were concerned with the short shelf life of breath and blood samples, as well as the dimming of opinions and impressions over time. However, as pointed out by amicus, breath and blood samples may last years if properly preserved. *See* 2 R. Erwin, *Defense of Drunk Driving Cases* § 17.07(2), at 17–97 (blood samples), § 19.01, at 19–29 (breath samples) (3d ed. 1991). And, in fact, the shelf life of breath and blood samples is no more "fleeting" than other types of evidence used in criminal cases, such as fingerprints, footprints, hair samples, and seminal fluid. *See, e.g., State v. Youngblood*, 164 Ariz. 61, 65, 790 P.2d 759,

763 (App.1989) (semen samples deteriorate if not properly preserved), *review granted in part,* May 24, 1990. Moreover, *Hinson* neither insures preservation of DUI evidence nor requires a trial before the degradation of improperly preserved evidence.

With regard to the dimming over time of witness opinions and observations, most witness opinions and observations obviously dim with time. Moreover, this may actually be less of a problem in DUI cases than in other criminal cases because identification of the defendant is rarely an issue, and DUI trials usually do not involve the questioning of numerous witnesses to piece together events and conversations that occurred over various periods of time. Thus, the "fleeting" nature of evidence in DUI cases is not a sufficient justification for the special application of rule 8 in DUI cases mandated by *Hinson.*

Third, the alleged "encouragement" that a temporary dismissal of charges gives a DUI defendant to destroy evidence important to his defense does not support continued adherence to the *Hinson* rule. *Hinson* does not, and should not, prohibit "scratch and refiles." The state often needs time to obtain and investigate records of prior convictions before deciding how to charge a DUI offender.

In addition, a defendant's act of destroying evidence after being told the case against him has been "scratched" or dismissed, without further inquiry about the status of his case, should not prevent the state from proceeding with its prosecution at some later date absent prejudice to the defendant. *See State v. Goodwin,* 160 Ariz. 366, 368–69, 773 P.2d 471, 473–74 (App.1989) (it was not reasonable for defendant to destroy his breath sample); *State v. Crotty,* 152 Ariz. 264, 266, 731 P.2d 629, 631 (App.1986) (it was not reasonable for defendant to destroy his breath sample 1½ months after the DUI charges against him were "scratched"). In *Hinson,* we cited *Oshrin v. Coulter,* 142 Ariz. 109, 688 P.2d 1001 (1984), for the proposition that a defendant acts reasonably if he destroys evidence or fails to preserve evidence after being informed that the charges against him have been dropped. *Hinson,* 150 Ariz. at 309–10, 723 P.2d at 658–59. This conclusion was one rationale for the *Hinson* rule. *Oshrin,* however, is distinguishable because there the state misled defendant into not retrieving a second breath sample, and the *state* destroyed the second sample after defendant was indicted.

Moreover, even if a defendant reasonably fails to preserve a breath or blood sample for his defense after his case has been "scratched," he does not necessarily suffer prejudice. *See State v. Kemp,* 168 Ariz. 334, 335, 813 P.2d 315, 316 (1991) (due process does not require the state to advise a DUI suspect of his right to obtain a portion of his blood sample because testing does not consume the entire sample); *State ex rel. Dean v. City Court,* 163 Ariz. 510, 514, 789 P.2d 180, 184 (1990) (independent breath samples need not be provided to defendant if the police use replicate breath testing). The *Hinson* rule is not necessary to prevent any prejudice to a defendant caused by the "scratch and refile" system. If a defendant is prejudiced by the state's action, other relief is available. In fact, a simple solution to this entire problem is for the state to inform a DUI suspect that the state may refile charges against him at a later date.

### f. Other Remedies Are Available

If the state's "scratch and refile" practice actually prejudices a DUI defendant by leading him to believe that he does not need to preserve evidence for his defense, relief is available under *Oshrin.* Under *Oshrin,* the state's evidence against a defendant may be suppressed if the state's procedure results in "a denial of fundamental fairness shocking to a sense of justice and a denial of due process." 142 Ariz. at 111, 688 P.2d at 1003, *citing Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Scales v. City Court,* 122 Ariz. 231, 594 P.2d 97 (1979). For example, the *state's* destruction of a defendant's separate breath sample after telling the defendant that his case is dismissed is a denial of fundamental fairness. *Oshrin,* 142 Ariz. at 111, 688 P.2d at 1003.

In addition, *Oshrin* provides an adequate remedy for a DUI defendant whose trial is unreasonably delayed.

> Having arrested a person, the state has the obligation to proceed forthwith to bring formal charges against that person or drop them. Though the procedure followed here does not violate the letter of our speedy trial rule, Rule 8, Arizona Rules of Criminal Procedure, ... it does violate the spirit of the rule and is a fact we will consider when determining whether a defendant has been denied due process of law.

*Oshrin*, 142 Ariz. at 113, 688 P.2d at 1005. Therefore, if the delay between arrest and trial is so egregiously long that it violates due process, the DUI prosecution against the defendant will be dismissed.

Finally, rule 8 offers relief for DUI defendants who experience substantial pretrial delay. Rule 8.6 mandates dismissal of the case against a DUI defendant if the defendant does not receive a rule 8 speedy trial. The dismissal may be with prejudice if the defendant can show that he was actually prejudiced by the delay. *State v. Hannah*, 118 Ariz. 610, 611, 578 P.2d 1039, 1040 (App.1978), *citing State ex rel. DeConcini v. Superior Court*, 25 Ariz.App. 173, 541 P.2d 964 (1975). Thus, the issues of delay and prejudice are adequately addressed by rule 8.

### g. Establishment of the Hinson Rule Was Improper

The *Hinson* rule singles out DUI cases from other criminal cases for special application of the speedy trial rules set out in rule 8. Our primary purpose in *Hinson* was to facilitate achievement of the legislature's intent to quickly remove drunk drivers from our streets by forcing a reallocation of resources in the prosecutor's office. We believed that prosecutors were ignoring DUI cases, and we hoped to prod them into prosecuting DUI cases more quickly. However, it is now evident that the state's failure to prosecute a DUI case within 150 days of a DUI defendant's arrest often occurs not because of prosecutorial indifference, but because additional time is needed to complete the search for records of prior convictions or because, as occurred in this case, a prosecution witness is unavailable or schedules conflict. Few cases present the obvious prosecutorial indifference evident in *Hinson*.

Even if prosecutors are ignoring DUI cases, which we do not believe to be the case, reallocation of the state's resources is not an appropriate function of this court. The Rules of Criminal Procedure establish priorities in the scheduling of criminal cases. Rule 8.1, Arizona Rules of Criminal Procedure. The Rules of Criminal Procedure also establish the parameters of a "speedy trial." Rules 8.1 through 8.6. It is not our prerogative to redefine the application of our own Rules of Criminal Procedure differently from the plain language of the rules or to tell the state to give priority to DUI cases. If the legislature believes that state prosecutors should rearrange their priorities and prosecute all DUI cases within a particular time frame, the legislature can allocate the resources necessary for the state to accomplish this goal.

### h. Conclusion

■ With the benefit of hindsight, we find that this court's creation of the *Hinson* rule, although well-intentioned in its formulation, is counterproductive in its application. Therefore, we overrule that portion of *Hinson* altering the application of rule 8 in DUI cases. This holding applies retroactively to all cases now pending and which are not yet final, including the present case.

### 2. Ruling Is Not an Ex Post Facto Application

■ Defendant argues that our overruling of *Hinson*, if applied in his case, constitutes an *ex post facto* law. We find this argument to be without merit. For purposes of the *ex post facto* clause, our holding in this case is merely a judicial construction of a procedural rule, and can thus be applied retroactively.

The *ex post facto* clause forbids a state from enacting a law "which make[s] innocent acts criminal, alter[s] the nature of the

offense, or increase[s] the punishment." *Collins v. Youngblood*, 497 U.S. 37, ——, 110 S.Ct. 2715, 2721, 111 L.Ed.2d 30 (1990), *citing Beazell v. Ohio*, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925). A defendant has no vested right in any particular mode of procedure, *State v. Staatz*, 159 Ariz. 411, 416, 768 P.2d 143, 148 (1988), *citing Denver & Rio Grande W. R.R. v. Brotherhood of R.R. Trainmen*, 387 U.S. 556, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967), and a procedural rule is not *ex post facto* even if it disadvantages a defendant. *Dobbert v. Florida*, 432 U.S. 282, 293–94, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977); *State v. Correll*, 148 Ariz. 468, 482, 715 P.2d 721, 735 (1986), *citing Dobbert,* 432 U.S. at 294, 97 S.Ct. at 2298. *See also State v. Steelman*, 120 Ariz. 301, 318, 585 P.2d 1213, 1230 (1978) (*ex post facto* clause does not apply to changes in rules of evidence, whether statutory or court made). Our holding in this case simply overrules the previously erroneous application of rule 8 in DUI cases. Rule 8 is a procedural rule, not a substantive rule. Thus, it follows that our interpretation of rule 8 is also a procedural matter.

■ In addition, defendant's argument that our decision operates as an extension of a period of limitations, and thus is a substantive rule which violates the *ex post facto* clause, is not persuasive. Neither the time limits imposed by rule 8, nor the time limits established by our subsequent interpretation of rule 8 in *Hinson* with respect to DUI cases, are statutes of limitation. "[I]n criminal law a statute of limitations deals only with the right to *commence* a criminal case. Time limits prescribed for steps to be taken subsequent to the commencement of a case are not statutes of limitation." *State v. Fowler*, 156 Ariz. 408, 411, 752 P.2d 497, 500 (App.1987) (emphasis in original). Rule 8 and our decisions interpreting rule 8 establish the time limits within which the state must commence a *trial*—not the time limits within which the state must commence an *action* against a criminal defendant. It is uncontroverted that the state commenced its action against the defendant within the period of limitations established by the legislature. *See* A.R.S. § 13–107(B). Because our decision overruling *Hinson* does not alter a statute of limitations, its application to defendant does not violate the *ex post facto* clause.

### 3. Excludability of Continuance Under Rule 8

■ Because we have determined that our prior *Hinson* rule no longer controls defendant's case, we must now determine whether the court of appeals properly reversed defendant's convictions under a traditional application of the speedy trial rules found in rule 8. We find that the trial court did not violate defendant's rule 8 right to a speedy trial when it granted the state the 28–day continuance it needed because the prosecutor was trying another case.

As noted above, rule 8.2 provides defendant with a right to a speedy trial. Under this rule, the trial court was required to try defendant within 150 days of his arrest. However, certain trial continuances are excludable when calculating the speedy trial time, including continuances granted "upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice." Rule 8.5(b), Arizona Rules of Criminal Procedure. The trial court's exercise of discretion on a motion for continuance under this rule is not disturbed unless there is a clear abuse of discretion and prejudice results. *State v. Amarillas*, 141 Ariz. 620, 622, 688 P.2d 628, 630 (1984); *State v. Sullivan*, 130 Ariz. 213, 215, 635 P.2d 501, 503 (1981); *State v. Morgan*, 128 Ariz. 362, 368, 625 P.2d 951, 957 (App.1981). This "clear abuse of discretion" standard applies because the trial court "is the only unbiased party in a position to observe the proceeding ... [and] is the only party to judge the inconvenience of a continuance to the litigants, counsel, witnesses, and the court ... and [to] determine whether there are 'extraordinary circumstances' warranting a continuance and whether 'delay is indispensable to the interests of justice.'" *State v. Hein*, 138 Ariz. 360, 368, 674 P.2d 1358, 1366 (1983) (citations omitted).

Although it is not clear, it appears from defendant's brief that he contends the trial court abused its discretion in granting the 28–day continuance because another prosecutor could have attended the "extremely simple" trial. We do not believe the trial court abused its discretion. Defendant has pointed to no prejudice which resulted from the continuance granted to the state. In fact, defense counsel stated in oral argument that the defendant was not prejudiced by the continuance. We also find no prejudice because defendant himself requested and received two continuances *after* the 28–day continuance was granted to the state. These continuances were requested by defendant because defense counsel was unprepared for trial, even though the case was "extremely simple."

■ We do not hold, however, that a prosecutor's scheduling conflict is always an extraordinary circumstance meriting an excludable delay under rule 8.5(b). Whether a trial court's exclusion of a continuance from the rule 8 calculation is an abuse of judicial discretion depends upon the facts of each particular case. Furthermore, we reject the state's argument that this court previously held that continuances granted because of a prosecutor's scheduling conflict do not violate rule 8. *See State v. Johnson,* 122 Ariz. 260, 269, 594 P.2d 514, 523 (1979) (because prosecutor was engaged in another trial, trial court granted 8–day recess after jury was impaneled); *State v. Ferguson,* 120 Ariz. 345, 347, 586 P.2d 190, 192 (1978) (after jury was impaneled, trial court dismissed jury for 14 days because prosecutor was trying another case). *Johnson* and *Ferguson* are distinguishable from the present case because the continuances in those cases were granted *after* the jury had been selected, and the defendants' trials technically began within the speedy trial limits prescribed in rule 8.

We hold only that, under the facts of this case, the trial court did not abuse its discretion in determining that the prosecutor's scheduling conflict was an extraordinary circumstance meriting a continuance excludable under rule 8.5(b). Because the 28–day continuance is excludable from the 150–day speedy trial calculation, the trial court did not deny defendant his statutory right to a speedy trial under rule 8.

## Conclusion

The court of appeals reversed defendant's convictions on two grounds: (1) no expert testimony was given about defendant's BAC at the time he was driving; and (2) defendant was not brought to trial within the time required by *Hinson.* We did not grant review of the BAC issue. With regard to the *Hinson* issue, experience has shown that the *Hinson* rule does not serve the interests of justice. We therefore overrule Issue 2 of *Hinson,* entitled *Delay,* which requires a special application of rule 8 in DUI cases. *See Hinson,* 150 Ariz. at 307, 308–11, 723 P.2d at 656, 657–60. This holding applies retroactively to this case and all pending cases. Furthermore, we find that the trial court did not violate defendant's right to a speedy trial.

The court of appeals noted that if the trial court had not violated *Hinson,* it would have remanded the DUI charge against defendant for retrial. It would not, however, have remanded for retrial the second charge against defendant—driving with a BAC of 0.10 or more—because the state's evidence regarding this charge was insufficient as a matter of law. Because we did not grant review of the BAC issue, we approve the court of appeals' reversal of defendant's conviction for driving with a BAC of 0.10 or more. However, we remand this case for a retrial of the DUI charge.

Accordingly, the opinion of the court of appeals is vacated with respect to its *Hinson* analysis, and the DUI charge against defendant is remanded for retrial. The court of appeals' reversal of defendant's conviction for driving with a BAC of 0.10 or more necessarily is approved.

GORDON, C.J., and MOELLER, J., concur.

FELDMAN, Vice Chief Justice, specially concurring.

I agree with the conclusion reached by the court and with much of its analytical

framework. Eroded by subsequent decisions, *Hinson* evidently has not accomplished our goal of prompt trial in DUI cases. The cases that have come before us—both published and unpublished—demonstrate that *Hinson* has not brought speedy trials and occasionally has resulted in unwarranted dismissals of charges and undoubtedly has spawned a great deal of collateral litigation. Hence, I join in the holding to overrule that portion of *Hinson.*

I write separately, however, because I believe many of the statements and grounds advanced in the majority opinion are matters of adjudicative fact neither established in the record nor the subject of judicial notice. Also, I share many of the concerns described by Justice Cameron in his dissent. Thus, I merely concur in the result.

CAMERON, Justice, dissenting:

I regret that I must dissent. We have now done away with any semblance of court control over the DUI case docket and given the prosecutor and the defendant authority to extend any DUI trial without guidance from the court or constraint by the rules.

In *State v. Guerrero,* 159 Ariz. 568, 570, 769 P.2d 1014, 1016 (1989) we held:

A defendant ... can waive his objection to denial of even the constitutional right to a speedy trial by not raising it in a timely manner. *State v. Adair,* 106 Ariz. 58, 60, 470 P.2d 671, 673 (1970).

I dissented, stating:

What the majority opinion does is completely gut the 150 day speedy trial rule of *Hinson v. Coulter,* 150 Ariz. 306, 723 P.2d 655 (1986), and the provision of Rule 8.2(e), Ariz.R.Crim.P., 17 A.R.S., which states that the time limits "may not be extended by stipulation or waiver...." Under the majority's ruling, defendants and prosecutors will be allowed to avoid the speedy trial requirements of *Hinson* and Rule 8 by merely doing nothing.

\*　　\*　　\*　　\*　　\*　　\*

*Id.* 159 Ariz. at 571, 769 P.2d 1014. The majority in *Guerrero* gave lip service to *Hinson.* Today, the majority goes too far by completely reversing *Hinson.*

Driving under the influence is the most destructive crime in this or any other state. More people are killed or maimed by drunk drivers than by criminals who murder or assault their victims. It injures the rich, the poor, the young, the old, the driver and the passenger without discrimination. The victims usually have no way to avoid the alcohol-impaired driver. The property loss is staggering.

Today the majority takes the enforcement of the speedy trial rule in DUI cases from the court and gives it to the tender mercies of dilatory defendants and overworked prosecutors.

The majority, however, finds that the problem is resolved, stating:

*Hinson's* primary goal of quickly removing drunk drivers from our streets is now accomplished by the "Administrative Per Se law," A.R.S. § 28–694, and the Implied Consent Statute, A.R.S. § 28–691, which became effective on January 1, 1988. These laws allow a police officer to seize the driver's license of any driver whose BAC is .10 or higher or who refuses to submit to a breath or blood test.

\*　　\*　　\*　　\*　　\*　　\*

At 190, 823 P.2d at 57.

Even if this statute passes constitutional muster, I believe it is naive to think that it will accomplish our goal of quick removal of the drunk driver from our streets. The cases that come before us usually involve defendants who are driving with a license that is already revoked. Indeed, the defendant in *Hinson* was indicted for 7 counts of DUI with two prior convictions. The defendant in *Guerrero* was arrested for DWI, driving with a blood alcohol level of 0.10 and for driving with a suspended or revoked license. This defendant had two prior convictions. Merely suspending the license at the time of the arrest is not going to "quickly" remove drunk drivers from our streets.

The majority also states:

With regard to the dimming over time of witnesses' opinions and observations most witness opinions and observations obviously dim with time. Moreover, this may actually be less of a problem in DUI cases than in other criminal cases because identification of the defendant is rarely an issue, and DUI trials usually do not involve the questioning of numerous witnesses to piece together events and conversations that occurred over various periods of time. Thus, the "fleeting" nature of evidence in DUI cases is not a sufficient justification for the special application of rule 8 in DUI cases mandated by *Hinson.*

\*    \*    \*    \*    \*    \*

At 190–191, 823 P.2d at 57–58.

I agree that DUI cases are easier to try. Therefore, they can and should be disposed of quickly. As we noted in *Hinson,* "It should not be impossible to prosecute a suspected drunk driver within a reasonable time after arrest. The cases do not require long investigative delays, as most of the evidence is gathered contemporaneously with arrest." 150 Ariz. at 310, 723 P.2d at 659.

I believe that the rule in *Hinson* accurately follows the intent of the legislature and, just as important, it affords greater protection to the public.

I dissent.