**James R. BURRUS, Petitioner— Appellant,**

v.

**David A. GONZALEZ, Warden, Respondent—Appellee.**

No. 02–17293.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 27, 2004.

James R. Burrus, Kimerer & Derrick, PC, Phoenix, AZ, pro se.

Marc J. Victor, Esq., Victor & Hall, PLC, Mesa, AZ, for Petitioner–Appellant.

Consuelo Marie Ohanesian, Michael T. O'Toole, Esq., AGAZ—Office of the Arizona Attorney General (Phoenix), Phoenix, AZ, for Respondent–Appellee.

Before: B. FLETCHER, TROTT, and FISHER, Circuit Judges.

MEMORANDUM **

James Burrus appeals the denial of his 28 U.S.C. § 2254 habeas petition.[1] Burrus was convicted by a jury of possession of a narcotic drug for sale with one prior, and sentenced to fifteen years in custody. He claims that his trial counsel's failure to move to dismiss his case based on a violation of Arizona's speedy trial rule constituted ineffective assistance of counsel. *See* Ariz. R.Crim. P. 8. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the district court's denial of Burrus's petition de novo, and we affirm the district court. *Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000).

In order for Burrus to prevail on his ineffective assistance of counsel claim, *Strickland v. Washington* requires that he

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This is the second time Burrus's petition has made it to the Ninth Circuit. Burrus original-ly filed a petition for relief in the Arizona courts, which was eventually denied as untimely. He then filed a petition in federal court. The district court denied the petition on procedural default grounds. We vacated and remanded that ruling, holding that, because the state had given Burrus a time extension within which he filed his petition, his petition would not be barred by procedural default. *Burrus v. Gonzalez,* 172 F.3d 55, 1999 WL 109929 (9th Cir.1999) (unpublished memorandum disposition). Burrus now appeals from the remanded case.

demonstrate: (1) that his counsel's representation fell below the objective standard for reasonableness; and (2) that the error prejudiced him. 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Had Burrus's counsel filed and prevailed upon a motion to dismiss, the trial court would have been required to "dismiss the prosecution *with or without prejudice.*" Ariz. R.Crim. P. 8.6 (emphasis added). "Generally a trial court has discretion under Rule 8.6 to determine whether a dismissal is with or without prejudice," and that determination is made on a case-by-case basis. *Humble v. Superior Court,* 179 Ariz. 409, 880 P.2d 629, 635 (Ct.App. 1994); *see also State v. Mendoza,* 170 Ariz. 184, 823 P.2d 51, 59 (1992). Without any evidence of actual prejudice to Burrus, any presumed prejudice arising from the alleged violation (64 days at the most) of Arizona's speedy trial rule was insufficient to have warranted dismissal with prejudice. *Snow v. Superior Court,* 183 Ariz. 320, 903 P.2d 628, 634 (Ct.App.1995). Thus, the district court properly denied Burrus's petition.

**AFFIRMED**

---

* The Honorable James V. Selna, District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.